GOOD HOPE HEALTH SYSTEM, L.L.C., Petitioner, and THE TOWN OF LILLINGTON, Petitioner-Intervenor v. N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION, Respondent, and BETSY JOHNSON REGIONAL HOSPITAL, INC., AND AMISUB OF NORTH CAROLINA, INC. D/B/A CENTRAL CAROLINA HOSPITAL, Respondent-Intervenors

No. COA05-123

(Filed 3 January 2006)

**Hospitals— certificate of need—subsequent application— appeal of first moot**

An appeal from the denial of a certificate of need for a hospital was dismissed as moot where there was a subsequent application. Although petitioner contends that the two applications

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 296 (2006)]

are legally and factually different, both applications are for exactly the same hospital, regardless of how it is characterized, and the agency review of the resubmitted original application during the review process for the subsequent application provides an adequate remedy.

Judge TYSON dissenting.

Appeal by petitioner and petitioner-intervenor from a Final Agency Decision issued 10 September 2004 by the North Carolina Department of Health and Human Services. Heard in the Court of Appeals 14 September 2005.

*Smith Moore, LLP, by Maureen Demarest Murray, Susan Frandenburg, and William Stewart, Jr., for petitioner-appellant, Good Hope Health System, LLC.*

*Morgan, Reeves and Gilchrist, by C. Winston Gilchrist, for petitioner-intervenor appellant, Town of Lillington.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Melissa L. Trippe, for respondent-appellee N.C. Department of Health and Human Services.*

*Wyrick Robbins Yates & Ponton, LLP, by K. Edward Greene and Kathleen A. Naggs, and Nelson Mullins Riley & Scarborough, LLP, by Noah H. Huffstetler, III and Denise M. Gunter, for respondent-intervenor appellee Betsy Johnson Regional Hospital, Inc.*

*Bode Call & Stroupe, L.L.P., by Robert V. Bode and S. Todd Hemphill, for respondent-intervenor appellee Amisub of North Carolina, Inc. d/b/a Central Carolina Hospital.*

STEELMAN, Judge.

Petitioner, Good Hope Hospital (Good Hope), is licensed as an acute care hospital. It has been in operation since 1921 in Erwin, North Carolina. Betsy Johnson Regional Hospital, Inc. (Betsy Johnson), is located in Dunn, North Carolina. Both hospitals are located in Harnett County. Due in part to its age, Good Hope's existing hospital is nearing the end of its useful life and suffers from multiple deficiencies.

298          IN THE COURT OF APPEALS

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 296 (2006)]

## 2001 CON Application

In 2001, Good Hope applied for a Certificate of Need (CON) with the Department of Health and Human Services, Division of Facility Services, Certificate of Need Section (Agency) pursuant to Chapter 131E of the North Carolina General Statutes to partially replace its existing facility. The 2001 CON application proposed to reduce the number of acute care beds from forty-three to thirty-four, reduce the number of psychiatric beds from twenty-nine to twelve, for a total of forty-six beds, and proposed three operating rooms, at a cost of $16,159,950. The replacement hospital was to be built in Erwin. The Agency conditionally approved Good Hope's 2001 application, but only for two operating rooms. Good Hope filed a petition for contested case hearing in the Office of Administrative Hearings (OAH). Good Hope and the Agency settled the dispute in a written agreement. On 14 December 2001, the Agency issued a CON to Good Hope for a forty-six bed hospital with three operating rooms.

Good Hope submitted a proposal to the North Carolina Medical Care Commission (MCC) to obtain funding to develop the new facility from the United States Department of Housing and Urban Development. MCC denied the request for funding and Good Hope was unable to procure other financing. Good Hope entered into discussions with Betsy Johnson concerning a possible merger, however, no merger resulted therefrom.

Good Hope later entered into a joint venture with Triad Hospitals, Inc., which agreed to finance the project. The two formed Good Hope Hospital System, L.L.C. (GHHS). GHHS filed a motion for declaratory ruling requesting: (1) it be assigned Good Hope's 2001 CON, (2) permission to change the site of the new hospital to Lillington or Buies Creek, and (3) permission to increase the size of the hospital from 61,788 square feet to 67,874 square feet. The proposed cost of the new project was $18,523,942. The Agency denied the request for declaratory ruling. GHHS appealed the denial to the Department of Health and Human Services, Division of Facility Services (Department), but obtained a stay of that appeal. Good Hope has not relinquished its 2001 CON.

## 2003 CON Application

On 14 April 2003, GHHS filed a new application (2003 application) for a CON to build a complete replacement hospital in Lillington, rather than Erwin. The proposed facility was 112,945 square feet, with a total of forty-six acute care beds, ten observation beds, and three

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 296 (2006)]

operating rooms, at a cost of $33,488,750. Prior to filing the 2003 application, GHHS met with Ms. Hoffman, Chief of the Agency, who advised GHHS to file a new CON application, not just an amended 2001 application because of the difference in location, size, and scope of the proposed new hospital. After review, the Agency denied GHHS's 2003 application. GHHS appealed to OAH, challenging the Agency's decision. Betsy Johnson and Central Carolina Hospital (CCH) moved to intervene as respondents in support of the Agency's decision. The administrative law judge (ALJ) granted the motion to intervene. On 9 July 2004, the ALJ recommended the Agency's decision be reversed. Respondents appealed to the Department for final agency review. On 10 September 2004, the Department denied GHHS's application in a final agency decision. GHHS appealed.

### 2005 CON Application

While this appeal was pending before this Court, GHHS filed a new CON application (2005 application) on 15 August 2005 in response to a need determination issued by the Governor in the 2005 State Medical Facilities Plan (SMFP). The Governor has final authority to approve or amend the SMFP, which becomes the binding criteria for review of CON applications. *Frye Reg'l Med. Ctr., Inc. v. Hunt*, 350 N.C. 39, 42-43, 510 S.E.2d 159, 162-63 (1999). In its 2005 application, GHHS resubmitted its 2003 CON application in its entirety, with some supplemental information.

On 26 August 2005, respondents filed a motion to dismiss plaintiffs' appeal in this case on the grounds the appeal has been rendered moot by GHHS's 2005 CON application.

### Mootness

" 'When, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed [as moot] for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law . . . ." *State ex rel. Utilities Com. v. Southern Bell Telephone Co.*, 289 N.C. 286, 288, 221 S.E.2d 322, 324 (1976) (*Southern Bell I*) (citations omitted). The mootness doctrine applies in CON cases. *See In re Denial of Request by Humana Hospital Corp.*, 78 N.C. App. 637, 640, 338 S.E.2d 139, 141 (1986).

GHHS's 2003 application was denied, in part, because under the 2003 SMFP there was no need for a hospital with three operating

300        IN THE COURT OF APPEALS

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 296 (2006)]

rooms, as proposed by GHHS. The Department must follow the need requirements as promulgated in the SMFP and cannot grant a CON to a hospital which would allow more facilities than are needed. *See* N.C. Gen. Stat. § 131E-183(a)(1) (2005). The reason behind such a requirement is to prevent the proliferation of unnecessary health care facilities and equipment, which would result in costly duplication and underuse of facilities. N.C. Gen. Stat. § 131E-175 (2005). In 2005, recognizing that Good Hope Hospital was nearing the end of its useful life, the Governor amended the 2005 SMFP to include a need for a new hospital in Harnett County with no more than fifty acute care beds and three operating rooms. GHHS filed a 2005 CON application for a new hospital containing forty-six acute care beds and three operating rooms. Respondents contend the case is now moot because the Agency is required to re-review GHHS's 2003 CON application, which it resubmitted as its 2005 CON application with supplemental information under the more favorable 2005 SMFP need requirements, thus providing GHHS with the relief sought. We agree.

Our holding in *Humana*, 78 N.C. App. 637, 640, 338 S.E.2d 139, 141 is determinative of this question. In *Humana*, the hospital filed a 1981 CON application to build a new 160-bed hospital in Wake County. The Agency denied their 1981 application on the grounds that the then current SMFP did not contain a need for additional acute care beds in the area. Humana requested a reconsideration hearing, which the Agency denied. While seeking judicial review of the denial of its 1981 CON application, Humana filed another CON application in 1982. The SMFP in effect for 1982 contained a need for 174 beds in Wake County. The Agency denied Humana's 1982 CON application.

This Court dismissed Humana's appeal on grounds of mootness. Because Humana's 1982 CON application was virtually identical to its 1981 application, with additional, supplemental information, and the 1982 application was reviewed under the more favorable 1982 SMFP requirements, we held this afforded Humana an adequate remedy to have its application reviewed under the more favorable 1982 SMFP need requirements. 78 N.C. App. at 641-42, 338 S.E.2d at 142. This Court found it significant that Humana's 1981 and 1982 applications were almost identical, with the only difference being that the 1982 application contained supplemental information which was not considered as part of the 1981 application. *Id.* at 641, 338 S.E.2d at 142.

Although this Court stated in *Humana* that its decision was based on the unique facts in that case, the facts in the instant case are virtually identical to those in *Humana*. Therefore, the reasoning

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 296 (2006)]

in *Humana* is controlling. GHHS's 2003 application is virtually identical to its 2005 application, with the addition of supplemental information. The review of its 2005 application, under the more favorable 2005 SMFP need requirements, affords GHHS an adequate remedy of any alleged errors in the 2003 review process, thereby making this appeal moot.

GHHS contends the 2003 CON application and the 2005 application are legally and factually different, in that its 2003 application was for a replacement hospital, which is judged against different criteria than its 2005 application, which is for a new hospital. It asserts that the Agency improperly applied the criteria for a new hospital to its 2003 application for a replacement hospital. Therefore, petitioner alleges the Agency's review of its 2005 application would not afford it the remedy sought, that is, to have the criteria for awarding a CON for a replacement hospital applied to its 2003 CON application.

We do not find this argument persuasive. GHHS's 2001 application was for a replacement hospital, which was to be located in Erwin, where Good Hope is currently located. The 2003 application, however, proposed to change the location of the hospital to Lillington and doubled both the proposed square footage and cost of the hospital from the 2001 application. In GHHS's 2005 CON application, it proposed the same location, size, and scope for its new hospital as contained in its 2003 application. While GHHS did denote its 2003 application as being for a "replacement hospital," it describes the exact same hospital in the 2005 CON application as a "new hospital." Regardless of how GHHS characterizes its hospital, both plans are for the exact same hospital. Therefore, the Agency's review of the resubmitted 2003 CON application during its 2005 review process provides GHHS with an adequate remedy. In addition, if GHHS were awarded a CON based on its 2005 application, it would be required to yield any other CON it may have. The Governor explained in his Clarification Memorandum to 2005 State Medical Facilities Plan, that:

> [T]o avoid the proliferation of unnecessary health service facilities as referenced in N.C. Gen. Stat. § 131E-175(4), I have concluded that any successful applicant for a CON to develop the New Hospital shall be required as a condition of its approval to relinquish any other CON which it holds to develop or replace acute care beds or operating rooms in Harnett County and to withdraw any other pending application or litigation concerning the development or replacement of such beds or rooms.

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 296 (2006)]

Furthermore, the same reasons *Humana* was found to be distinguishable from *State ex rel. Utilities Comn v. Southern Bell*, 307 N.C. 541, 299 S.E.2d 763 (1983) (*Southern Bell II*), apply here. In *Southern Bell II*, our Supreme Court held that the grant of a second application for a rate increase did not moot the appeal of the denial of the first application because the second rate increase was not applied retroactively. *Id.* at 547-48, 299 S.E.2d at 767. By not applying the second rate increase retroactively, the petitioner would not receive the relief sought; therefore, the issue of the first rate application was not moot. *Id.* at 48, 299 S.E.2d at 767. This case is more akin to *Southern Bell I* where the two requests were the same. *See Humana*, 78 N.C. App. at 644, 338 S.E.2d at 143-44 (finding *Southern Bell II* did not overrule *Southern Bell I*, but simply distinguished it).

Nor do the facts of this case fit within the exception to the mootness doctrine, that the issues are "capable of repetition yet evading review." *Boney Publishers, Inc. v. Burlington City Council*, 151 N.C. App. 651, 654, 566 S.E.2d 701, 703 (2002) (citations and internal quotation marks omitted). To apply this exception GHHS must show the challenged action is " 'in its duration too short to be fully litigated prior to its cessation or expiration" and there is a reasonable expectation that the same issue would arise again. *Id.* at 654, 566 S.E.2d at 703-04 (citations omitted). Regardless of the Agency's decision concerning GHHS's 2005 application, its decision will not escape review.

GHHS has been afforded an adequate remedy in having its 2003 application reconsidered under the more favorable 2005 SMFP need requirements. Any allegations regarding errors in the 2003 review process are now moot.

APPEAL DISMISSED.

Judge GEER concurs.

Judge TYSON dissents in a separate opinion.

TYSON, Judge dissenting.

## I. Mootness

The majority's opinion cites *In re Denial of Request by Humana Hospital Corp.* and applies the mootness doctrine to GHHS's appeal. 78 N.C. App. 637, 640, 338 S.E.2d 139, 141 (1986). In *Humana*, this

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 296 (2006)]

Court stated, "[t]he doctrine of mootness is applicable to an appellate proceeding where the original question in controversy is no longer at issue." 78 N.C. App. at 640, 338 S.E.2d at 141.

A case is considered moot when "a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison Cty. Realtors Ass'n*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996). Courts will not entertain such cases because it is not the responsibility of courts to decide "abstract propositions of law." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). Conversely, *when a court's determination can have a practical effect on a controversy, the court may not dismiss the case as moot.*

*Lange v. Lange*, 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) (emphasis supplied).

GHHS persuasively argues reasons to show this case is not moot. GHHS contends, the "agency has deprived Good Hope Hospital of the substantive legal right to use and maintain its existing, previously approved hospital by erroneously misapplying the CON act to evaluate GHHS's 2003 proposal as for a new hospital and new services rather than as for replacement of an existing hospital."

The 2003 application is to be reviewed and evaluated under Policy AC-5 in the 2003 SMFP and criterion (3a) concerning reduction and relocation of existing health services. N.C. Gen. Stat. § 131E-183(a)(3a) (2003). Proposals for new services are judged against criteria 1, 3, and 6. N.C. Gen. Stat. §§ 131E-183(a)(1), (3), and (6). GHHS's 2005 CON is an application for "new services" and does not moot the 2003 CON for "relocation of existing services." I respectfully dissent.

## II. Standard of Review

N.C. Gen. Stat. § 150B-23(a) (2003) provides:

A contested case shall be commenced by filing a petition with the Office of Administrative Hearings and, except as provided in Article 3A of this Chapter, shall be conducted by that Office . . . A petition shall be signed by a party or a representative of the party and, if filed by a party other than an agency, shall state facts tending to establish that the agency named as the respondent has deprived the petitioner of property, has ordered the petitioner to

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 296 (2006)]

pay a fine or civil penalty, or has otherwise substantially preju-
diced the petitioner's rights and that the agency:

(1)  Exceeded its authority or jurisdiction;

(2)  Acted erroneously;

(3)  Failed to use proper procedure;

(4)  Acted arbitrarily or capriciously; or

(5)  Failed to act as required by law or rule.

The parties in a contested case shall be given an opportunity for
a hearing without undue delay. Any person aggrieved may com-
mence a contested case hereunder.

In *Humana*, cited by the majority's opinion, the hospital submit-
ted two applications as a new provider for a new facility and new
beds. 78 N.C. App. at 640, 338 S.E.2d at 141. Humana's request for a
reconsideration hearing regarding the denial of its 1981 application
was also denied. *Id*. This Court held that because Humana's 1982
application was reviewed, and the 1981 and 1982 applications were
virtually identical, "the 1982 review process afforded Humana an ade-
quate remedy to have its application reviewed under a plan projecting
a bed need, regardless of any alleged error in the 1981 review process.
Therefore, the assignments of error as to the review process of
Humana's 1981 application are moot." *Id*. at 641, 338 S.E.2d at 142.
This Court in *Humana* also limited the applicability of its holding and
stated, "[t]his opinion should not be construed as holding that the
opportunity to reapply for a certificate of need automatically moots
all procedural claims in all cases." *Id*. at 646, 338 S.E.2d at 145.

Here, GHHS's 2005 application did not moot the claims involved
in the 2003 application. The original issue on appeal regarding
GHHS's 2003 application remains unanswered. The legal issue of
how the CON Act can constitutionally and statutorily be applied to
replacement projects remains unanswered. GHHS's 2003 CON and
the 2005 CON applications are factually and legally different.

Unlike *Humana*, GHHS requested a reduction in beds and re-
location of the existing facility in its 2003 application, not a CON
for a new facility. The 2005 application sought a "new facility." This
application resulted from and was based upon the Governor's amend-
ment to the 2005 SMFP, which determined that a "New Hospital" is
needed in central Harnett County. The Governor specifically stated,

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 296 (2006)]

"I have concluded that the Certificate of Need ("CON") application process to build the New Hospital should be open to any applicant and nothing herein is to be construed as favoritism toward, or bias against, any potential applicant." Substantially different review criteria applies if an applicant seeks to replace existing health services rather than apply for a CON for new health services. *Compare* N.C. Gen. Stat. § 131E-183(a)(3a) *with* § 131E-183(a)(1), (3), and (6). The 2005 CON request for a New Hospital is a new and different application that solely arose due to the Governor's amendment to the 2005 SMFP and is subject to review under different statutory regulations. *Id.*

The requirements for a relocation or reduction in services are provided in N.C. Gen. Stat. § 131E-183(a)(3a), which provides:

In the case of a reduction or elimination of a service, including the relocation of a facility or a service, the applicant shall demonstrate that the needs of the population presently served will be met adequately by the proposed relocation or by alternative arrangements, and the effect of the reduction, elimination or relocation of the service on the ability of low income persons, racial and ethnic minorities, women, handicapped persons, and other underserved groups and the elderly to obtain needed health care.

The Agency found that GHHS met the requirements of N.C. Gen. Stat. § 131E-183(a)(3a). GHHS's 2003 application did not request new beds, as did the 2005 application. In its final decision, the Agency concluded that GHHS's 2003 application failed to satisfy the requirements for new services; criteria that is wholly inapplicable to the 2003 application.

The 2005 application must satisfy the standards under N.C. Gen. Stat. § 131E-183(a)(1), (3), and (6). Under these Sections of the statute, GHHS must explain why "new" services are needed and demonstrate that the "new projects" will not result in an "unnecessary duplication" of existing health services.

The Agency denied GHHS's 2003 application. The Agency found that GHHS failed to meet the statutory requirements of N.C. Gen. Stat. § 131E-183(a)(1), (3), (4), (5), (6), (12), (18a) and 131E-183(b). GHHS argues the Agency incorrectly applied N.C. Gen. Stat. § 131E-183(a)(1), (3), and (6) standards to the 2003 application. I agree. In 2003, GHHS applied for a modification to the existing facility only. The Agency erred when it reviewed and evaluated the

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 296 (2006)]

2003 application under the standard set forth for new facilities in N.C. Gen. Stat. § 131E-183(a). GHHS is entitled to a decision on the merits of this issue. The majority's opinion fails to correctly apply the mootness doctrine. Since I find the appeal is not moot, I address the merits of the appeal.

### III.  Issues

GHHS argues the Agency: (1) exceeded its authority by ignoring its own statutes, plan, prior decisions, and settlement agreement with Good Hope; (2) exceeded its authority by demanding space information not required under N.C. Gen. Stat. § 131E-182(b) and ignoring space information required by the application; (3) violated N.C. Gen. Stat. § 131E-185 by failing to consider information from the public hearing concerning how GHHS's application conformed to the applicable law; and (4) unconstitutionally applied the CON criteria to deny GHHS's application and deprive the hospital of its right to use its existing facility.

### IV.  Standard of Review

N.C. Gen. Stat. § 131E-188(b) (2003) provides:

Any affected person who was a party in a contested case hearing shall be entitled to judicial review of all or any portion of any final decision of the Department in the following manner. The appeal shall be to the Court of Appeals as provided in G.S. 7A-29(a).

"On judicial review of an administrative agency's final decision, the substantive nature of each assignment of error dictates the standard of review." *North Carolina Dep't of Env't and Natural Res. v. Carroll*, 358 N.C. 649, 658, 599 S.E.2d 888, 894 (2004) (citation omitted). "If the party asserts the agency's decision was affected by a legal error, *de novo* review is required; if the party seeking review contends the agency decision was not supported by the evidence, or was arbitrary or capricious, the whole record test is applied." *Christenbury Surgery Ctr. v. N.C. Dep't of Health and Human Servs.*, 138 N.C. App. 309, 312, 531 S.E.2d 219, 221 (2000). "[T]his Court reviews the agency's findings and conclusions de novo when considering alleged errors of law." *Cape Fear Mem. Hosp. v. N.C. Dept. of Human Resources*, 121 N.C. App. 492, 493, 466 S.E.2d 299, 300 (1996) (citing *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 502, 397 S.E.2d 350, 354 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991)).

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 296 (2006)]

## V. Agency Authority

GHHS argues the Agency exceeded its authority by ignoring its own statutes, plan, prior decisions, and settlement agreement with Good Hope. I agree.

Good Hope applied for a CON in 2001. The application proposed to: (1) replace part of its existing hospital with a new facility on Highway 421 near Erwin; (2) utilize buildings on the old campus for outpatient physical therapy, business offices, plant operations, information services, and other support functions; (3) reduce the number of beds from seventy-two to forty-six; (4) develop three operating rooms; (5) encompass 61,788 square feet; and (6) spend a capital expenditure of $16,159,950.00.

The Agency approved the application, but conditioned its approval on the development of two operating rooms. Good Hope and the Agency entered into a settlement agreement, and the Agency agreed that Good Hope could develop three operating rooms. A CON was issued to Good Hope on 14 December 2001.

Good Hope secured financing through a joint venture with Triad Hospitals, Inc. known as Good Hope Health Systems, L.L.C., and referred to in the majority's opinion as "GHHS." In 2003, GHHS filed an application to develop a replacement facility in central Harnett County. The 2003 application proposed the same number of beds and operating rooms as was provided in the 2001 application but increased the size of the facility to 112,945 square feet. The 2003 application proposed more meeting space, more private rooms, and to relocate all facilities rather than utilize any portion of the existing facility. During the review process, GHHS sent a letter to the Agency stating it was entitled to an exemption from CON review under N.C. Gen. Stat. § 131E-184(a). The Agency denied the application.

N.C. Gen. Stat. § 131E-176(16)(e) (2003) provides:

"New institutional health services" means any of the following:

. . . .

(e) A change in a project that was subject to certificate of need review and for which a certificate of need was issued, if the change is proposed during the development of the project or within one year after the project was completed. For purposes of this subdivision, a change in a project is a change of more than fifteen percent (15%) of the approved capital expenditure

amount or the addition of a health service that is to be located in the facility, or portion thereof, that was constructed or developed in the project.

GHHS's 2003 application proposed additional capital expenditures exceeding 15% over the 2001 project for which a CON was issued. The 2003 application was "proposed during the development of the project" granted in the 2001 application and stated that it was proposing changes to the approved 2001 project.

The Agency incorrectly reviewed the 2003 application as a new project, rather than a modification to an existing project. The Agency failed to set forth any finding to support its determination that the 2003 application should be reviewed and evaluated as a new project instead of an existing project.

GHHS argues N.C. Gen. Stat. § 131E-183(a)(3a) controls the 2003 application. The application proposes to "reduce and relocate facilities" rather than establish a new hospital. The Agency found that GHHS's proposed replacement facility would appropriately meet the needs of all patient groups, but GHHS failed to adequately demonstrate "that the population projected to be served needs the scope of services proposed by the application," a requirement of N.C. Gen. Stat. § 131E-183(a)(3). The Agency also found GHHS's application complied with N.C. Gen. Stat. § 131E-183(a)(3a). The Agency also analyzed the application under N.C. Gen. Stat. § 131E-183(a)(6) and found the requirement of demonstrating "that the proposed project will not result in unnecessary duplication of existing or approved health service capabilities or facilities" was not satisfied. The Agency erred when it applied criterion for new hospitals in N.C. Gen. Stat. § 131E-183(a) to GHHS's 2003 modification. In light of this error, it is unnecessary to consider the remaining assignments of error.

## VI. Conclusion

The majority's opinion improperly applies the mootness doctrine to dismiss GHHS's appeal. GHHS is entitled to a decision on the merits of its appeal.

The Agency erred when it reviewed GHHS's 2003 application based on criterion for a new facility. In light of this error, it is unnecessary to consider the remaining assignments of error. I vote to reverse and remand this case for evaluation of GHHS's 2003 CON application under the statutes and regulations applicable to relocation of an existing facility. I respectfully dissent.