Justice TIMMONS-GOODSON joins in this dissenting opinion.

---

GOOD HOPE HEALTH SYSTEM, L.L.C., PETITIONER, AND TOWN OF LILLINGTON, PETITIONER-INTERVENOR v. NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION, RESPONDENT, AND BETSY JOHNSON REGIONAL HOSPITAL, INC., AND AMISUB OF NORTH CAROLINA, INC. D/B/A CENTRAL CAROLINA HOSPITAL, RESPONDENT-INTERVENORS

No. 57A06

·(Filed 17 November 2006)

**Hospitals and Other Medical Facilities— certificate of need— appeal not mooted by subsequent application**

A hospital's appeal from the denial of a 2003 application for a certificate of need (CON) was not mooted by the hospital's submission of another CON application in 2005 where the 2003 CON review process was noncompetitive in that the hospital was the sole applicant proposing the particular project, which was ostensibly intended to replace an existing facility; the 2005 CON application, which arose out of an amended State Medical Facilities Plan designating a need for a new hospital in Harnett County, involved additional applicants; the 2005 application would be subject to comparison with others, including any submitted by respondent-intervenors, and would be evaluated in that context;

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[360 N.C. 635 (2006)]

and although the hospital's 2003 and 2005 applications proposed substantially similar projects, the character of the review process for each distinguishes them.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 175 N.C. App. 296, 623 S.E.2d 307 (2006), dismissing an appeal from a final agency decision issued 10 September 2004 by the North Carolina Department of Health and Human Services. On 4 May 2006, the Supreme Court allowed petitioners' petitions for discretionary review of the Court of Appeals decision and for review as to additional issues. Heard in the Supreme Court on 18 October 2006.

*Smith Moore LLP, by Maureen Demarest Murray, for petitioner-appellant, and Morgan, Reeves and Gilchrist, by C. Winston Gilchrist, for petitioner-intervenor-appellant.*

*Roy Cooper, Attorney General, by Melissa L. Trippe, Special Deputy Attorney General, for respondent-appellee.*

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene, and Nelson Mullins Riley & Scarborough LLP, by Noah H. Huffstetler, III, for respondent-intervenor-appellee Betsy Johnson Regional Hospital, Inc.; and Bode Call & Stroupe, L.L.P., by S. Todd Hemphill, for respondent-intervenor-appellee Amisub of North Carolina, Inc. d/b/a Central Carolina Hospital.*

PER CURIAM.

This case concerns respondent North Carolina Department of Health and Human Service's (NCDHHS's) denial of petitioner Good Hope Health System's (GHHS's) Certificate of Need (CON) application filed in 2003. After the CON Section of NCDHHS's Division of Facility Services initially denied the application, GHHS proceeded to a contested case hearing after which an administrative law judge recommended that the CON be approved. NCDHHS thereafter issued a final agency decision denying the CON. GHHS and petitioner-intervenor Town of Lillington appealed to the Court of Appeals. In a divided opinion, the Court of Appeals dismissed the appeal as mooted by GHHS's submission of a CON application in 2005. *Good Hope Health Sys., L.L.C. v. N.C. Dep't of Health & Human Servs.*, 175 N.C. App. 296, 623 S.E.2d 307 (2006).

**GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.**

[360 N.C. 635 (2006)]

Upon full consideration of the briefs submitted by the parties and cases cited therein and their arguments before this Court, we conclude GHHS's appeal is not moot, and thereby reverse the opinion of the Court of Appeals and remand the case to that court for consideration on the merits.

Our decision is primarily directed by the fundamental differences between the criteria used to evaluate GHHS's 2003 and 2005 CON applications. The 2003 CON review process was non-competitive in that GHHS was the sole applicant proposing that particular project, which was ostensibly intended to replace an existing facility. In contrast, the 2005 CON application process, which arose out of an amended State Medical Facilities Plan designating a need for a new hospital in Harnett County, involved additional applicants. Therefore, GHHS's 2005 application would be subject to comparison with others, including any submitted by respondent-intervenors, and would be evaluated in that context. Thus, although the 2003 and 2005 CON applications proposed substantially similar projects, the character of the review process for each distinguishes them. Likewise, we reject respondent-intervenors' argument that GHHS's cessation of operations at the Erwin site moots this controversy. Accordingly, we conclude that GHHS has a right to substantive review of NCDHHS's denial of its 2003 CON application.

In summary, as to the appeal of right based on the dissenting opinion in the court below, we find that GHHS's appeal of the denial of its 2003 CON application is not moot, and accordingly, we reverse the decision of the Court of Appeals as to the appealable issue of right and remand the case to that court for a review on the merits. We conclude that both the petition for discretionary review of the Court of Appeals opinion and for review as to additional issues were improvidently allowed.

REVERSED AND REMANDED; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.

Justice TIMMONS-GOODSON did not participate in the consideration or decision of this case.