FRIENDS OF MT. VERNON SPRINGS, INC., ALAN A. ROSENBLOOM, ELIZABETH A. DIXON, VONNELL PALMER, AND MISTY BATTEN, PETITIONERS v. TOWN OF SILER CITY, CHARLES L. TURNER, IN HIS CAPACITY AS MAYOR, AND TONY SILER, JAMES LARRY CHEEK, PATRICIA PERRY, JOHN F. GRIMES, III, SAM P. ADAMS, JR., HELEN BUCKNER, AND GUY D. SMITH, IN THEIR CAPACITY AS MEMBERS OF THE TOWN BOARD OF COMMISSIONERS, RESPONDENTS, AND ISP MINERALS, INC., RESPONDENT-INTERVENOR

No. COA07-1484

(Filed 20 May 2008)

**1. Zoning— petition to superior court—withdrawal of company behind project—consideration of board's action—not moot**

The superior court did not err by granting a motion for summary judgment concerning a board of adjustment zoning decision after the company which had sought the rezoning to operate a quarry had withdrawn from the project. The petitioners in superior court sought a declaration that the board's action was improper and void; the validity of the board's actions remained in question after the company's withdrawal.

**2. Zoning— whole record review by superior court—properly applied**

The superior court properly applied whole record review in reviewing a board of adjustment zoning decision where it examined the quantum rather than the quality or credibility of the evidence.

**3. Zoning— spot zoning—large tract**

A tract of 1,076 acres was not "a relatively small tract" and its rezoning did not constitute spot zoning.

**4. Zoning— de novo review by superior court—properly applied**

The superior court correctly applied the de novo standard of review when considering a board of adjustment decision. The conclusion that the board did not act arbitrarily or capriciously is supported by the findings, which are supported by competent evidence.

Appeal by petitioners from order entered 27 June 2007 by Judge Kenneth C. Titus in Chatham County Superior Court. Heard in the Court of Appeals 1 May 2008.

*John D. Runkle, for petitoner-appellants.*

*The Brough Law Firm, by William C. Morgan, Jr., for respondent-appellees.*

*No brief filed for respondent-intervenor.*

TYSON, Judge.

Friends of Mt. Vernon Springs, Inc., Alan A. Rosenbloom, Elizabeth A. Dixon, Vonnell Palmer, and Misty Batten (collectively, "petitioners") appeal from order entered, which: (1) denied petitioners' motion for summary judgment; (2) granted the Town of Siler City's ("the Town") and the Town of Siler City Board of Commissioners's ("the Board") (collectively, "respondents") motion for summary judgment; and (3) affirmed the decision of the Board. We affirm.

## I. Background

On 30 March 2006, ISP Minerals, Inc. ("ISP") submitted a "Conditional Use Rezoning and Permit Application" to the Town and sought: (1) to have approximately 1,076 acres rezoned from Agriculture-Residential to Heavy Industrial Conditional Use and (2) a conditional use permit to construct and operate a quarry and granule processing facility ("the facility"). On 3 July 2006, the Board approved ISP's application to rezone the property and granted ISP's conditional use permit.

On 1 August 2006, petitioners filed a Petition for Writ of Certiorari and Declaratory Judgment and petitioned the superior court to find and rule that the Board's approval of ISP's application to rezone the property and the grant of ISP's conditional use permit was improper and void. In addition to the action at bar, three other petitions were also filed, which challenged the Board's actions. On 22 September 2006, ISP filed a motion to intervene in each of the actions in which it had not been named as a party.

On 13 March, 16 April, and 14 May 2007, the superior court held hearings on all cases simultaneously. On 27 June 2007, the superior court filed its order, which: (1) allowed respondents' motions for summary judgment; (2) denied petitioners' motions for summary judgment; and (3) affirmed the Board's decision to rezone the property and to issue a conditional use permit to ISP. Petitioners appeal.

FRIENDS OF MT. VERNON SPRINGS, INC. v. TOWN OF SILER CITY

[190 N.C. App. 633 (2008)]

## II. Issues

Petitioners argue the superior court erred when it: (1) ruled on the parties' motions for summary judgment and (2) affirmed the Board's decision to rezone the property and to issue a conditional use permit.

## III. Motions for Summary Judgment

[1] Petitioners argue the superior court erred when it granted respondents' motion for summary judgment after ISP notified the superior court that it had withdrawn from the project. We disagree.

On 14 May 2007, ISP's counsel told the superior court, "ISP Minerals, as the sole applicant for the conditional use permit and rezoning[,] is no longer pursuing the permit for which that would have been useful and therefore we have no objection to . . . however the Court chooses to dispose of this matter with respect to [respondents' 11 May 2007] motion [to dismiss]." Petitioners argue, "[t]he withdrawal by ISP . . . at the last moment biased the outcome of the hearing in that the [superior] [c]ourt could determine in a Solomon-like ruling that the issuance of the permit was reasonable, knowing that the projected [sic] would not occur regardless of what [sic] the [superior] [c]ourt ruled." We disagree.

Mootness arises where the original question in controversy is no longer at issue. *In re Denial of Request by Humana Hospital Corp.,* 78 N.C. App. 637, 640, 338 S.E.2d 139, 141 (1986).

> Whenever, during the course of litigation it develops that the relief sought has been granted or that questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

*In re Peoples,* 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied,* 442 U.S. 929, 61 L. Ed. 2d 297 (1979).

ISP's statement to the superior court that it was no longer pursuing the permit did not dispose of "the original question in controversy . . . ." *Humana Hospital,* 78 N.C. App. at 640, 338 S.E.2d at 141. The relief sought by petitioners was a declaration that the Board's rezoning and grant of a conditional use permit were improper and void. The sole question in controversy raised by petitioners' petition was the validity of the Board's rezoning and issuance of the condi-

tional use permit. ISP's withdrawal did not render moot petitioners' petition, which sought a declaration that the Board's rezoning and grant of a conditional use permit were improper and void. The validity of the Board's actions, the only question in controversy, remained at issue after ISP's withdrawal. ISP's withdrawal was not a "develop[ment] that [caused] the relief sought [to be] granted [n]or th[e] question[] originally in controversy between the parties [to be] no longer at issue . . . ." *Id.* The superior court did not err when it ruled on the parties' motions for summary judgment. This assignment of error is overruled.

### IV. Superior Court's Review of the Board's Actions

**[2]** Petitioners argue the superior court erred when it affirmed the Board's decision to rezone the property and to issue a conditional use permit. We disagree.

### A. Standard of Review

When the superior court reviews the decision of a town council or administrative body, it should:

> (1) review the record for errors of law, (2) ensure that procedures specified by law in both statute and ordinance are followed, (3) ensure that appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses, and inspect documents; (4) ensure that the decision is supported by competent, material, and substantial evidence in the whole record; and (5) ensure that the decision is not arbitrary and capricious.

> The task of this Court in reviewing a superior court order is (1) to determine whether the [superior] court exercised the proper scope of review, and (2) to review whether the [superior] court correctly applied this scope of review.

*Humane Soc'y of Moore Cty., Inc. v. Town of Southern Pines*, 161 N.C. App. 625, 628-29, 589 S.E.2d 162, 165 (2003) (internal citations and quotations omitted).

### B. Analysis

"When a party alleges an error of law in the Council's decision, the reviewing court examines the record *de novo*, considering the matter anew. However, when the party alleges that the decision is arbitrary and capricious or unsupported by substantial competent evidence, the court reviews the whole record." *Id.* at 629, 589 S.E.2d

at 165 (citations omitted). On appeal to the superior court, petitioners argued the Board's actions were "arbitrary and capricious, contrary to law and in a manner that was an abuse of discretion, and made with disregard for the due process and equal protection rights of the [p]etitioners." The superior court did not err when it "utiliz[ed] both the 'de novo' and 'whole record' tests . . . ." in its review of the Board's actions. *Id.* We now turn to whether the superior court correctly applied "both the 'de novo' and 'whole record' tests . . . ." *Id.*

The superior court's order, filed 27 June 2007, stated:

[T]he court has reviewed the decision of the . . . Board . . . utilizing both the "de novo" and "whole record" tests and concludes as follows with regards to the granting of the conditional use permit: (1) The decision of the . . . Board . . . to grant the conditional use permit to ISP . . . was based on and supported by competent, material, and substantial evidence in the whole record; (2) the Board . . . did not act arbitrarily nor capriciously in issuing the conditional use permit; (3) the Board . . . conducted the public hearings on this matter in a manner that did not violate [p]etitioners' rights to due process; (4) all procedures provided for in the Town['s] . . . Unified Development Ordinance and all other applicable law were followed; and, (5) the Board . . . did not commit any errors of law in its consideration of this matter.

As for the rezoning component of this matter, the [c]ourt has reviewed the pleadings, cross-motions for summary judgment, briefs, the Record of Proceedings and arguments of counsel and has determined that the . . . Board . . . : (1) acted appropriately in making the legislative decision to rezone the . . . property from AR (Agricultural-Residential) to HI-CU (Heavy Industrial-Conditional Use); (2) the Board['s] . . . decision does not constitute "spot zoning;" (3) [p]etitioners' rights to due process were afforded them; and (4) that the rezoning decision was consistent with the Town['s] . . . Land Development Plan; and (5) the rezoning decision was not arbitrary and capricious.

In stating its factual conclusions, the superior court neither reweighed the evidence nor substituted its judgment for the Board's. The superior court properly reviewed the *quantum* and not the quality or credibility of the evidence and found it to be sufficient to affirm the Board's decisions. The superior court properly applied its whole record review when it examined all the evidence to determine if substantial evidence supported the Board's findings and conclusions. *Id.*

**[3]** Our Supreme Court has stated:

> A zoning ordinance, or amendment, which singles out and reclassifies a relatively small tract owned by a single person and surrounded by a much larger area uniformly zoned, . . . so as to relieve the small tract from restrictions to which the rest of the area is subjected, is called "spot zoning."

*Blades v. City of Raleigh*, 280 N.C. 531, 549, 187 S.E.2d 35, 45 (1972). "[I]n any spot zoning case . . . two questions must be addressed by the finder of fact: (1) did the zoning activity . . . constitute spot zoning as our courts have defined that term; and (2) if so, did the zoning authority make a clear showing of a reasonable basis for the zoning." *Chrismon v. Guilford County*, 322 N.C. 611, 627, 370 S.E.2d 579, 589 (1988).

Here, the tract in question is approximately 1,076 acres. This tract is not "a relatively small tract" as contemplated in *Blades* and the zoning activity did not "constitute spot zoning as our courts have defined that term[.]" 280 N.C. at 549, 187 S.E.2d at 45; *Chrismon*, 322 N.C. at 627, 370 S.E.2d at 589. The superior court did not err when it concluded "the Board['s] . . . decision d[id] not constitute 'spot zoning[.]' "

**[4]** In reaching its remaining legal conclusions, the superior court considered the matter anew and held the evidence and findings of fact supported the Board's conclusions of law. There is ample support in the record for the conclusion that the rezoning of the tract was not arbitrary or discriminatory, may reasonably be deemed related to the public welfare and is not inconsistent with the purpose for which the Town is authorized to enact zoning regulations. The superior court's conclusion that the Board did not act arbitrarily or capriciously, is supported by the superior court's findings of fact, which, in turn, are supported by competent evidence in the record. *Zopfi v. City of Wilmington*, 273 N.C. 430, 438, 160 S.E.2d 325, 333 (1968). The superior court correctly applied the *de novo* standard of review. *Humane Soc'y of Moore Cty.*, 161 N.C. App. at 629, 589 S.E.2d at 165. This assignment of error is overruled.

## V. Conclusion

ISP's withdrawal did not grant the relief sought by petitioners nor dispose of the original question in controversy: the validity of the Board's actions. *Humana Hospital*, 78 N.C. App. at 640, 338 S.E.2d at

141. The superior court did not err when it ruled on the parties' motions for summary judgment, notwithstanding ISP's withdrawal.

The superior court exercised the proper scopes of review and correctly applied those scopes of review. *Humane Soc'y of Moore Cty.*, 161 N.C. App. at 629, 589 S.E.2d at 165. The superior court's order is affirmed.

Affirmed.

Judges McCULLOUGH and STROUD concur.