NOMIE JEAN DOSS STEWART v. RICHARD LEE STEWART

No. 8018DC120

(Filed 15 July 1980)

**Appeal and Error § 9– Rule 60 motion to set aside portion of prior order – moot question**

   The question presented by plaintiff's Rule 60 motion to set aside the portion of a January 1979 order vacating child custody and support provisions of a prior order was moot where plaintiff filed a second action in March 1979 and the status of the children was settled in a child custody and support order entered in May 1979 before plaintiff filed her Rule 60 motion.

APPEAL by plaintiff from *Campbell, Judge.* Judgment entered 29 August 1979 in District Court, GUILFORD County. Heard in the Court of Appeals 5 June 1980.

   In April 1977 the trial court entered an order awarding to the plaintiff alimony pendente lite, child support, and custody of the parties' two minor children. In October 1978 defendant

moved to vacate this order on the ground that since their separation and the entry of the order the parties had had intercourse, and thus plaintiff had condoned any misconduct on his part which had been a basis for the 1977 order. Responding to defendant's motion, plaintiff alleged that the acts of intercourse between the parties had been without her consent; that defendant had threatened her and forced himself upon her. In January 1979 the trial court entered its order on defendant's motion, ruling that, the parties having resumed the marital relationship, the 1977 order was void. No appeal was taken from the January 1979 order.

In August 1979 plaintiff moved under Rule 60 for partial relief from the January order, contending that intercourse between the parties should not invalidate the custody and support portions of the 1977 order. Ruling on the motion, the court found that plaintiff had filed a second action in this matter in March 1979, and that in that action she had been awarded custody of one of the children, child support, and alimony pendente lite. The court held that by bringing the March action plaintiff had waived her right to a favorable ruling on her Rule 60 motion, and denied the motion. Plaintiff appeals.

*Samuel M. Moore and Douglas P. Dettor for plaintiff appellant.*

*Tate & Bretzmann, by C. Richard Tate, Jr., for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in denying her Rule 60 motion, because she is entitled to relief from the court's order of January 1979. She argues that the court could not by its January 1979 order vacate the custody and support portions of the 1977 order and thus leave the status of the children *in fieri*. As defendant points out, however, since the entry of the January 1979 order the status of the children has been settled by the court's order in plaintiff's action filed in March 1979, and as a result the question plaintiff raises by her motion is now moot.

The situation here is much like that in *Utilities Comm. v. Southern Bell Telephone Co.*, 289 N.C. 286, 221 S.E. 2d 322 (1976). There, the telephone company sought a rate increase, and received only about one-quarter of what it requested. While the company's appeal was pending, it filed a new application and received the entire rate increase. Our Supreme Court took judicial notice of the later proceeding and dismissed the appeal from the original rate increase as moot.

In the present case, plaintiff seeks relief from the January 1979 order on the ground that the status of the children may not be left *in fieri*, but that the trial court in ruling on her motion properly took judicial notice of the action filed by plaintiff in March 1979. The order entered in that action in May 1979 settled the status of the children, and at the time plaintiff filed her Rule 60 motion in August 1979 the question of whether the trial court acted improperly by the entry of its January 1979 order was moot. Accordingly, the order denying plaintiff's motion for relief was proper.

Affirmed.

Judges MARTIN (Robert M.) and HILL concur.