IN RE: ERICA RENEE WILLIAMSON, DOB: 1-3-81, C/O COLUMBUS COUNTY DEPARTMENT OF SOCIAL SERVICES, WHITEVILLE, NORTH CAROLINA

No. 8313DC233

(Filed 6 March 1984)

**Infants § 6.1— inability of paternal aunt to appeal award of custody**

    In an action in which custody of a minor child was sought by the juvenile's paternal aunt and the juvenile's maternal first cousin once removed, the paternal aunt had no right to appeal from an order placing custody with the maternal first cousin once removed since appeal from final orders in juvenile matters "may be taken by the juvenile; the juvenile's parent, guardian or custodian; [and] the State or county agency." G.S. 7A-667 and G.S. 7A-666.

APPEAL by Charles E. Britt and Fredrickia W. Britt from *Gore, Judge.* Juvenile order entered 20 September 1982 (*nunc pro tunc* 10 September 1982) in District Court, COLUMBUS County. Heard in the Court of Appeals 7 February 1984.

    *C. Franklin Stanley, Jr., for Charles E. Britt and Fredrickia W. Britt, appellants.*

    *George M. Anderson for Arthur Clark and Melissa Brown Clark, appellees.*

    *Lee & Lee, by Junius B. Lee, III, for Junius B. Lee, III, guardian ad litem, appellee.*

WHICHARD, Judge.

When this matter was heard in the trial court, the father of the subject juvenile was in jail without bond awaiting trial on a charge of murdering the mother. The juvenile had been judicially declared to be dependent, and temporary custody had been placed with the Columbus County Department of Social Services.

The dispositional hearing which resulted in the order from which this appeal is taken was attended by the juvenile's paternal aunt, Fredrickia Williamson Britt, and the juvenile's maternal first cousin once removed, Melissa Brown Clark. Each, together with her respective spouse, sought custody of the juvenile.

The trial court determined that placement with Melissa Clark and her husband was in the child's best interest. It entered a Juvenile Order placing custody with the Clarks and appointing them as the juvenile's guardians. Fredrickia Williamson Britt and her husband have appealed from this order.

Appeals from final orders in juvenile matters "may be taken by the juvenile; the juvenile's parent, guardian, or custodian; [and] the State or county agency." G.S. 7A-667; see also G.S. 7A-666. The Britts fall within none of these categories. The only ones in which they conceivably could fall are those of guardian or custodian; and the record does not establish that they have at any time been appointed guardians for, or awarded custody of, the juvenile.

We thus hold that the Britts did not have the right to appeal from the challenged order, and that the appeal should therefore be dismissed. See In re Wharton, 305 N.C. 565, 569, 290 S.E. 2d 688, 690 (1982); In re Brownlee, 301 N.C. 532, 546-48, 272 S.E. 2d 861, 869-70 (1981).

We note the following:

This Court can take judicial notice of its own records. See In re Trucking Co., 285 N.C. 552, 557, 206 S.E. 2d 172, 176 (1974); Swain v. Creasman, 260 N.C. 163, 164, 132 S.E. 2d 304, 305 (1963). These records reveal that on 24 January 1984 the trial court, acting on a motion pursuant to G.S. 7A-664 for review of the order in question here, transferred custody of the juvenile to the Britts and appointed them as her guardians. On 21 February 1984 another panel of this Court entered an order denying the Clarks' Petition for a Writ of Supersedeas staying the enforcement of the 24 January 1984 order. This appeal is thus subject to dismissal on the further ground of mootness, in that the Britts now have the relief they sought to obtain by this appeal. See Utilities Comm. v. Southern Bell Telephone Co., 289 N.C. 286, 288, 221 S.E. 2d 322, 324 (1976); Parent-Teacher Assoc. v. Bd. of Education, 275 N.C.

675, 679, 170 S.E. 2d 473, 476 (1969); *Stewart v. Stewart*, 47 N.C. App. 678, 679-80, 267 S.E. 2d 699, 700 (1980).

The statute pursuant to which the 24 January 1984 change of custody was made provides that where, as here, the court has found a juvenile to be dependent, "the jurisdiction of the court to modify any order or disposition made in the case shall continue during the minority of the juvenile or until terminated by order of the court." G.S. 7A-664(c). It is, however, the "longstanding general rule that an appeal removes a case from the jurisdiction of the trial court and, pending the appeal, the trial judge is *functus officio.*" *Bowen v. Motor Co.*, 292 N.C. 633, 635, 234 S.E. 2d 748, 749 (1977). The modification here occurred while an appeal from the order modified was pending in this Court.

Because we dismiss the appeal due to the Britt's lack of statutory standing, we need not pass upon the question of whether G.S. 7A-664(c), which gives the trial court continuing jurisdiction "during the minority of the juvenile or until terminated by order of the court," operates to exclude application of the general rule that the trial court has no jurisdiction and is *functus officio* pending an appeal. We also need not pass upon the effect on operation of that general rule of the Britts' lack of standing to bring this appeal. These issues could be raised in the event the Clarks, as custodians of the juvenile, G.S. 7A-667, perfect an appeal from the order of 24 January 1984.

Appeal dismissed.

Judges ARNOLD and BECTON concur.