FOUR SEASONS HOMEOWNERS ASSOCIATION, INC. v. W. K. SELLERS, THOMAS G. SIMPSON, SAMUEL W. JORDAN, JOHN DIAL AND DIANA DIAL

No. 8426DC297

(Filed 28 December 1984)

1. **Appeal and Error § 42.2— portions of record stricken—included in record on prior appeal—judicial notice**

   There was no error in striking from defendant appellants' proposed record ninety-six pages of pleadings and transcripts in earlier actions between the parties because all the material necessary for a determination of the appeal had been filed in prior appeals. Appellate courts may take judicial notice of their own records.

2. **Attorneys at Law § 7.4— attorneys' fees—collection of homeowners association maintenance fees**

   Where a prior appeal had affirmed the payment of attorneys' fees for the collection of maintenance fees by a homeowners association and defendant had not raised on appeal the applicability of G.S. 6-21.1, the prior appeal was *res judicata* even as to those awards in excess of the statutory maximum of fifteen percent of the outstanding balance. Subsequent awards in excess of that amount were reversed.

APPEAL by defendants from *Lanning, Judge.* Order entered 16 December 1983 in District Court, MECKLENBURG County. Heard in the Court of Appeals 27 November 1984.

The defendants were initially before this Court after judgments in plaintiff's favor were rendered on 10 March 1982. The trial court concluded in these judgments that the defendants owed the plaintiff Homeowners Association unpaid maintenance assessments plus attorneys' fees. The Declaration of Covenants, Conditions and Restrictions for Four Seasons subdivision obligated defendants to pay the assessments and attorneys' fees in the event that collection of unpaid assessments was referred to an attorney. We affirmed these judgments in *Homeowners Assoc. v. Sellers*, 62 N.C. App. 205, 302 S.E. 2d 848 (1983); and in *Homeowners Assoc. v. Jordan*, 62 N.C. App. 328, 302 S.E. 2d 504 (1983) (unpublished opinion). Defendants' subsequent petition for rehearing was denied. Their petitions for writs of certiorari were also denied. 309 N.C. 461, 307 S.E. 2d 364 (1983); 309 N.C. 460, 307 S.E. 2d 363 (1983).

The parties are again before this Court regarding an order allowing plaintiff's motions for additional attorneys' fees incurred

since the 10 March 1982 judgments. We hold that this order is unsupported by law and must be reversed.

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by Christian R. Troy, for plaintiff appellee.*

*William D. McNaull, Jr. for defendant appellants.*

ARNOLD, Judge.

In the order awarding additional attorneys' fees, the trial court found that plaintiff's attorney had expended 63.9 hours since 11 March 1982 in connection with the four actions against defendants; that these services included conferences, preparation of the record on appeal and brief, preparation for and appearance at oral argument in the Court of Appeals, review of appellate decisions, preparation of motion for attorneys' fees and responding to defendants' petitions. The trial court concluded that the reasonable value of these services is not less than $4,480; and that this amount should be divided equally among the four actions. Each defendant was therefore ordered to pay additional attorneys' fees of $1,120.

[1] Defendants first argue that the trial court committed error in striking from their proposed record on appeal ninety-six pages of pleadings and transcripts in the earlier actions between the parties. All material necessary for a determination of this appeal has been filed in prior appeals before this Court. Since our appellate courts may take judicial notice of their own records and review the chronology of litigation, *see Appeal of McLean Trucking Co., Winston-Salem*, 285 N.C. 552, 557, 206 S.E. 2d 172, 176 (1974); *In re Williamson*, 67 N.C. App. 184, 185, 312 S.E. 2d 239, 240 (1984), the trial court did not commit reversible error in striking portions of the prior litigation from the present record on appeal.

[2] Defendants next argue that the award of additional attorneys' fees was error, since the award was in excess of that allowed by G.S. 6-21.2 and since there was no evidence that plaintiff complied with the notice provisions of this statute. Plaintiff responds that this Court previously determined that G.S. 6-21.2 was inapplicable; and that defendants were obligated to pay *reasonable* attorneys' fees pursuant to covenants running with defendants' land.

In our earlier opinion we affirmed the allowance of attorneys' fees to plaintiff, indicating that the following covenant clearly provided for collection of attorneys' fees and was enforceable against defendants since it ran with their land:

> In order to secure payment of the annual and special assessments hereinabove provided, such charges as may be levied by the Association against the Lot(s), together with interest, costs of collection and reasonable attorneys fees, shall be a charge on the land and shall be a continuing lien upon the property against which each such assessment or charge is made. Each such assessment, together with interest, costs of collection and reasonable attorneys fees shall also be the personal obligation of the person who is the Owner of such Lot at the time when the assessment fell due.

*Homeowners Assoc.*, 62 N.C. App. at 211-212, 302 S.E. 2d at 853. In reaching our decision, we noted that defendants had failed to except to the findings of fact and conclusions of law in the judgments awarding plaintiff attorneys' fees. On appeal, defendants had merely argued that attorneys' fees were not recoverable, because defendants were not parties to the declaration of covenants. They did not raise the applicability of G.S. 6-21.2. Since our courts, however, have consistently refused to sustain an award of attorneys' fees except when expressly authorized by statute, our earlier decision to uphold the award of attorneys' fees implies that the covenant providing for the collection of attorneys' fees was authorized by statute. *See Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 266 S.E. 2d 812 (1980).

G.S. 6-21.2 provides in pertinent part:

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:
>
> . . . .
>
> (2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of

reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

Our Supreme Court has examined G.S. 6-21.2 and the legislative history of the statute and concluded:

[W]e hold that the term "evidence of indebtedness" as used in G.S. 6-21.2 has reference to any printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money. Such a definition, we believe, does no violence to any of the statute's specific provisions and accords well with its general purpose to validate a debt collection remedy expressly agreed upon by contracting parties.

*Enterprises, Inc.*, 300 N.C. at 294, 266 S.E. 2d at 817-18 (1980). *See also Coastal Production Credit v. Goodson Farms*, 70 N.C. App. 221, 319 S.E. 2d 650 (1984).

In the matter before us the "evidence of indebtedness" is the Declaration of Covenants, Conditions and Restrictions for Four Seasons subdivision. Therein defendants, as owners of lots in the subdivision, personally obligated themselves to pay maintenance fees in return for a nonexclusive right and easement of enjoyment in the common areas of the subdivision. Defendants agreed to secure payment with a lien upon their lots in the amount of the due assessments. Defendants further agreed to pay reasonable attorneys' fees if the due assessments were collected through an attorney. Pursuant to G.S. 6-21.2(2), defendants were therefore liable for attorneys' fees in the amount of 15% of the "outstanding balance" owing on the evidence of indebtedness.

The record on appeal in our prior decision shows that defendant Sellers was ordered to pay assessments of $675.88 and attorneys' fees of $250.00. Defendant Simpson was ordered to pay assessments of $798.76 plus attorneys' fees of $250. Defendants Dial and wife were ordered to pay assessments of $164.45 and attorneys' fees of $24.66. Defendant Jordan was ordered to pay assessments of $239.59 and $35.95 in attorneys' fees. The fees assessed against defendants Dial and Jordan amounted to 15% of

their outstanding balances. The other two defendants were ordered to pay fees in excess of 15%. As we earlier noted, however, defendants assigned error to these awards solely on the basis that they were not parties to the covenant providing for collection of attorneys' fees. They did not raise any issue regarding the applicability of G.S. 6-21.2, and our affirmation of these prior awards is *res judicata.* The order directing each defendant to pay additional attorneys' fees of $1,120, however, is prohibited by statute and must be

Reversed.

Judges WELLS and BECTON concur.