DONNA W. WOOD, Administratrix of the Estate of TIMOTHY JOE WOOD, Deceased, Plaintiff v. MONIQUE NICOLE WELDON, Defendant, and UNNAMED DEFENDANTS

No. COA02-1311

(Filed 21 October 2003)

**1. Workers' Compensation— lien—reduction by trial court—applicability of statutory amendment**

The Court of Appeals rejected a workers' compensation insurance carrier's argument concerning a statutory amendment of the superior court's discretion to determine the amount of the carriers' lien. Defendant did not raise this argument in the trial court; moreover, the amendment's effective date included this judgment. N.C.G.S. § 97-10.2.

**2. Workers' Compensation— lien—reduction—discretion of court**

The trial court did not abuse its discretion by not completely extinguishing a workers' compensation lien. There is no mathematical formula or set list of factors for the trial court to consider in making its determination, and it cannot be said that the lien reduction in this case was manifestly unsupported by reason.

Appeal by plaintiff and defendant from order entered 25 March 2002 by Judge Mark E. Klass in Iredell County Superior Court. Heard in the Court of Appeals 20 August 2003.

*C. Murphy Archibald; Murphy & Chapman, P.A., by Jenny L. Sharpe, for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Bryan T. Simpson and Tracey L. Jones, for defendant-appellant.*

MARTIN, Judge.

Defendant Interstate Insurance Company/Harbor Specialty Insurance Company appeals from an order reducing its workers' compensation lien on the proceeds of a settlement received by plaintiff Donna W. Wood as damages for the wrongful death of her husband, Timothy Joe Wood. Plaintiff cross-appeals, contending the trial court should have extinguished defendant's lien altogether.

The record discloses that Timothy Joe Wood, a tow truck operator employed by Bowles Automotive, Inc. ("Bowles"), was struck and killed by a vehicle driven by Monique Nicole Weldon on 1 April 1999 while he was providing assistance to a disabled vehicle in the course of his employment. Defendant was the workers' compensation insurance carrier for Bowles. Following Wood's death, defendant paid plaintiff and her son, Wood's only child, workers' compensation benefits and funeral expenses. Mrs. Wood received an uncommuted lump sum settlement and her son received ongoing weekly benefits.

Weldon was prosecuted and pled guilty to involuntary manslaughter, driving while intoxicated, and hit and run. In June 2000, plaintiff initiated a civil action for wrongful death against Weldon. Weldon, who was uninsured, failed to answer the complaint or otherwise appear in the matter and her default was entered by the Clerk of Superior Court on 22 October 2001. Thereafter, plaintiff reached a settlement with Bowles' uninsured motorist insurance carriers for $305,000. As a condition of the settlement, a portion of the settlement proceeds, $78,955, was placed in escrow pending a resolution of defendant's claimed workers' compensation lien.

Plaintiff then moved for default judgment against Weldon and for an order pursuant to G.S. § 97-10.2(j) extinguishing or reducing defendant's claimed workers' compensation lien on the proceeds of the settlement. On 25 March 2002, the trial court entered a default judgment against Weldon in the amount of $1,500,000 in compensatory damages and $200,000 in punitive damages. The court also entered an order in which it found that (1) the total amount of workers' compensation benefits, accrued and prospective, to which plaintiff and her son would be entitled to receive from defendant is $118,432, minus costs and attorneys' fees; (2) the amount of the settlement between plaintiff and the uninsured motorist insurance carriers was $305,000, of which she received $121,259.93 after payment of costs and attorneys' fees; (3) that a condition of such settlement required that $78,955 be placed in escrow pending the court's consideration of plaintiff's motion for extinguishment or reduction of the workers' compensation lien; (4) the sums paid by defendant and the uninsured motorist carriers are the only sums available to compensate plaintiff and her son for Wood's death; and (5) these sums combined would be substantially less than the amount plaintiff is entitled to recover of Weldon pursuant to the default judgment. The court reduced defendant's workers' compensation lien from $78,955 to $20,000. Both parties appeal.

## I. Defendant's appeal

[1] Defendant contends the trial court exceeded its authority in reducing the lien because G.S. § 97-10.2 as it existed at the time of Timothy Wood's death in April 1999, provided that a superior court judge could reduce the workers' compensation lien granted by the statute upon the proceeds of a third party payment to the injured employee, only when the judgment obtained against the third party is insufficient to compensate the carrier's subrogation interest. Defendant acknowledges that G.S. § 97-10.2(j) was amended in June 1999 to grant the superior court discretion to determine the amount of the workers' compensation carrier's lien without a finding that the judgment obtained by the injured employee against the third party is insufficient to satisfy the carrier's subrogation interest. However, defendant argues the amendment cannot be applied to this case since Timothy Wood was killed prior to its effective date. Therefore, since the judgment obtained against Weldon was more than defendant's lien, defendant asserts the superior court had no discretion to reduce the lien. We reject defendant's argument for two reasons.

First, our examination of the transcript of the hearing on plaintiff's motion to reduce or extinguish the lien reveals that defendant did not raise this argument in the trial court, arguing only that it would be inequitable to reduce the lien. It is a well-established rule of appellate procedure that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make." N.C. R. App. P. 10(b)(1). As has been said many times, "the law does not permit parties to swap horses between courts in order to get a better mount," *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934), meaning, of course, that a contention not raised and argued in the trial court may not be raised and argued for the first time in the appellate court. *Creasman v. Creasman*, 152 N.C. App. 119, 123, 566 S.E.2d 725, 728 (2002). Second, the amendment to G.S. § 97-10.2(j) was effective 18 June 1999 and was made applicable to judgments or settlements entered on or after that date. S.L. 1999-94, s.2.

## II. Plaintiff's appeal

[2] Plaintiff also appeals from the trial court's order reducing defendant's lien, maintaining the trial court abused its discretion in failing to extinguish the lien altogether. G.S. § 97-10.2(j), as amended in June 1999 and applicable to this case, provides:

(j) Notwithstanding any other subsection in this section . . . in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge . . . to determine the subrogation amount. . . . [T]he judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer. The judge shall consider the anticipated amount of prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems just and reasonable, in determining the appropriate amount of the employer's lien.

N.C. Gen. Stat. § 97-10.2(j) (2001). There is no mathematical formula or set list of factors for the trial court to consider in making its determination, *In re Biddix*, 138 N.C. App. 500, 502, 530 S.E.2d 70, 71, *disc. review denied*, 352 N.C. 674, 545 S.E.2d 418 (2000); the statute plainly affords the trial court discretion to determine the appropriate amount of defendant's lien. The exercise of discretion requires that the court "make a reasoned choice, a judicial value judgment, which is factually supported." *Allen v. Rupard*, 100 N.C. App. 490, 495, 397 S.E.2d 330, 333 (1990).

In this case, after making findings of fact, the trial court concluded that "[t]aking into account the facts available to the Court through testimony, evidence presented and the Court file, and taking into account all arguments of plaintiff's attorneys and all arguments of the attorneys of the worker's [sic] compensation carrier" it was appropriate to reduce the workers' compensation lien. We cannot say that the reduction of the lien to $20,000 was manifestly unsupported by reason or so arbitrary that it could not possibly have been the result of a rational decision, *see Frost v. Mazda Motor of Am.*, 353 N.C. 188, 540 S.E.2d 324 (2000) (defining abuse of discretion standard), thus we discern no abuse of discretion.

Affirmed.

Judges McCULLOUGH and LEVINSON concur.