IN RE HUTCHINSON

[218 N.C. App. 443 (2012)]

_____

IN THE MATTER OF ROBERT DALE HUTCHINSON

No. COA11-757

(Filed 7 February 2012)

**Appeal and Error—preservation of issues—argument not raised in trial court—not subject matter jurisdiction issue**

The State failed to properly preserve for appeal its sole argument regarding its consent to the termination of respondent's sex offender registration and its appeal was dismissed. The State failed to make its argument before the trial court and its appeal did not present an issue of subject matter jurisdiction.

Appeal by Respondent from order entered 12 January 2011 by Judge Ola M. Lewis in Brunswick County Superior Court. Heard in the Court of Appeals 14 November 2011.

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Andrew DeSimone, for Petitioner.*

*Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for Respondent.*

STEPHENS, Judge.

After being charged with failing to update his address in compliance with the North Carolina sex offender registration statutes, Petitioner Robert Dale Hutchinson filed in Brunswick County Superior Court a petition to terminate his sex offender registration requirement. At the hearing on Hutchinson's petition, the State con-

sented to termination of Hutchinson's registration requirement,[1] and Judge Ola M. Lewis granted the petition in an order entered 12 January 2011. Thereafter, the order was received by the State Bureau of Investigation (the "SBI"), which, after forwarding the order to and receiving it back from the SBI's legal counsel, removed Hutchinson from the North Carolina sex offender registry. The SBI notified the Brunswick County Sheriff's Office of Hutchinson's removal on 4 February 2011.

On 9 February 2011, however, the State filed a notice of appeal of Judge Lewis' order, along with a motion to stay enforcement of that order. The State's motion was heard on 31 May 2011 by Superior Court Judge Jay D. Hockenbury. Despite consenting to termination of Hutchinson's registration and expressing willingness to expedite that process at the January hearing before Judge Lewis, the State argued at the May hearing before Judge Hockenbury that Hutchinson's registration should not be terminated, that enforcement of the termination order—with which the State had already voluntarily complied— should be stayed, and that Hutchinson should be reinstated on the sex offender registry. Over Hutchinson's objections, the State's motion to stay was granted by Judge Hockenbury.

Thereafter, Hutchinson filed with this Court a motion seeking a temporary stay of Judge Hockenbury's order and requesting this Court to issue its writ of *certiorari* and/or its writ of *supersedeas* "to review the 28 July 2011 decision of [Judge Hockenbury]." On 29 July 2011, this Court allowed Hutchinson's motion for temporary stay. On 10 August 2011, this Court granted Hutchinson's petition for writ of

---

1. From the hearing on Hutchinson's petition:

> [ADA]: Your Honor, [this] is the petition that [counsel for petitioner] and I spoke with you about to terminate sex offender registration . . . . I'm not objecting at this point to that registration requirement being terminated. It's my understanding that [] Hutchinson is going to be moving out of State to the State of Alabama. Is that correct?
>
> [Counsel for petitioner]: That's correct.
>
> . . . .
>
> [ADA]: He has a job lined up for him there and we're not wanting to hold him up by these additional requirements.
>
> . . . .
>
> [ADA]: And, your Honor, if you do grant the petition, as we've discussed, . . . the State will be taking a dismissal on [Hutchinson's charge for failure to comply with the registration requirements] and we will get that to Madame clerk by the end of the day. We will fax the jail so that that won't hold him up.

*supersedeas*, referred his petition for writ of *certiorari* to the panel assigned to hear the appeal, and stayed Judge Hockenbury's order and "[a]ll further proceedings in this matter" "pending the outcome of the appeal taken to this Court." It was further ordered that "Hutchinson shall not be reinstated to the sexual offender registry at this time."

On 15 August 2011, Hutchinson filed a motion to dismiss the State's appeal of Judge Lewis' order. In that motion, Hutchinson argued that the State had not properly preserved any issues for appeal and, thus, the State's appeal of Judge Lewis' order terminating Hutchinson's registration should be dismissed. For the following reasons, we agree.

As noted *supra*, the State consented to termination of Hutchinson's registration requirement at the hearing before Judge Lewis. However, on appeal, the State now contends that the registration requirement should not have been terminated because Hutchinson had not been registered in North Carolina for 10 years.[2] It is a well-established rule in our appellate courts that a contention not raised and argued in the trial court may not be raised and argued for the first time on appeal. *E.g.*, *Wood v. Weldon*, 160 N.C. App. 697, 699, 586 S.E.2d 801, 803 (2003). Since the State did not argue to the trial court that Hutchinson's registration requirement could not be terminated because Hutchinson had not been registered for the requisite 10 years, the State cannot raise that argument on appeal. *See id.; see also* N.C. R. App. P. 10(a)(1).

Nevertheless, the State contends that it is not barred by the general rule stated above because the State's appeal presents a question of subject matter jurisdiction and because such a question may be raised at any time. We are unpersuaded. The question the State raises on appeal is whether a trial court may grant a petition to terminate a sex offender's registration requirement where the petitioner has been registered in North Carolina for fewer than 10 years. This Court recently answered that question in *In re Borden*, ___ N.C. App. ___, ___ S.E.2d ___ (2011), where we reversed a trial court's termination of the petitioner's registration requirement on the ground that the petitioner had not been registered in North Carolina for at least 10 years. This Court in *Borden* did not hold that the trial court lacked

---

2. Section 14-208.12A(a) provides that "[t]en years from the date of initial county registration, a person required to register . . . may petition the superior court to terminate the [] registration requirement if the person has not been convicted of a subsequent offense requiring registration under this Article." N.C. Gen. Stat. § 14-208.12A(a) (2011).

IN RE HUTCHINSON

[218 N.C. App. 443 (2012)]

jurisdiction to rule on the petition in the first place because the petitioner had not been registered in North Carolina for 10 years. On the contrary, in *Borden* we held that "the trial court *erred* when it terminated [the petitioner's] sex offender registration requirement," and we "reverse[d] the trial court's order." *Id.* at ___, ___ S.E.2d at ___ (emphasis added). The obvious implication from *reversing* a trial court's ruling on a petition filed by a petitioner who has been registered in North Carolina for fewer than 10 years—and thereby instructing the trial court to enter an order denying the petition—is that the trial court has subject matter jurisdiction to rule on petitions for termination of registration filed by petitioners who have been registered in North Carolina for fewer than 10 years. We are bound by that decision. *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Accordingly, the State's argument that Hutchinson's petition could not be granted because he had not been registered in North Carolina for 10 years does not raise a question of subject matter jurisdiction and, therefore, was waived when the State failed to advance that argument before the trial court.

Because the State failed to properly preserve its sole argument on appeal, the appeal must be dismissed. *Estates, Inc. v. Town of Chapel Hill*, 130 N.C. App. 664, 666, 504 S.E.2d 296, 298 (1998). Further, this Court's writ of *supersedeas* and temporary stay are dissolved. As for Hutchinson's petition for writ of *certiorari* to review Judge Hockenbury's order staying Judge Lewis' order terminating Hutchinson's registration requirement, we grant *certiorari* and hold that because the State's appeal from Judge Lewis' order is dismissed, Judge Hockenbury's stay of enforcement of Judge Lewis' order must be dissolved.

Appeal DISMISSED; writ of *supersedeas* and temporary stay DISSOLVED; writ of *certiorari* GRANTED; trial court's stay DISSOLVED.

Chief Judge MARTIN and Judge ELMORE concur.