**IN RE BUNCH**

[227 N.C. App. 258 (2013)]

━━━━━━━━━

IN THE MATTER OF WILLIAM BUNCH, III

No. COA12-1367

Filed 21 May 2013

**Appeal and Error—preservation of issues—failure to present argument to trial court**

The State's appeal from the trial court's order concluding that petitioner did not have a reportable out-of-state conviction and that petitioner was eligible for early termination under N.C.G.S. § 14-208.12A was dismissed. The State failed to preserve these arguments for appeal by presenting them at the trial level.

Appeal by the State from Order entered 19 June 2012 by Judge

Forrest D. Bridges in Superior Court, Cleveland County. Heard in the Court of Appeals 11 April 2013.

*Michael E. Casterline, for petitioner-appellee.*

*Attorney General Roy A. Cooper, III by Assistant Attorney General William P. Hart, Jr., for the State.*

STROUD, Judge.

The State appeals from an order granting a petition filed by William Bunch, III, ("petitioner") requesting termination of his sex offender registration requirement. The State argues on appeal that the trial court erred in concluding that petitioner did not have a reportable out-of-state conviction and that petitioner was eligible for early termination under N.C. Gen. Stat. § 14-208.12A (2011). Because the State has failed to preserve these arguments, we dismiss the State's appeal.

## I. Background

In April 1993, when he was seventeen years old, petitioner pleaded guilty to third-degree criminal sexual conduct in Wayne County, Michigan for sexual intercourse with a female between the ages of thirteen and fifteen. In Michigan, consensual sexual intercourse between a seventeen-year-old and a person "at least 13 years of age and under 16 years of age" constituted criminal sexual conduct in the third degree. Mich. Comp. Laws. § 750.520d(1)(a) (1993). Petitioner has no other convictions that could be considered reportable sexual offenses.

Nine years later, in July 2002, petitioner's son was born. When his son was seven years old, the Circuit Court for the County of Wayne, Michigan, awarded petitioner sole custody of his child, by order entered 5 November 2009. On 18 January 2012, the Michigan court entered an order allowing petitioner to change the domicile of his child to North Carolina, and petitioner and his son moved to North Carolina. After consulting with the local sheriff, petitioner registered with the North Carolina Sex Offender Registry on 8 February 2012. He then filed a petition to terminate his registration requirement in superior court, Cleveland County. On 7 June 2012, the superior court held a hearing on his petition, wherein petitioner was represented by counsel and the State was represented by the elected District Attorney for Cleveland County.

At the hearing, petitioner presented the records of his Michigan conviction and records relating to the custody of his son and argued that he

was never required to register in North Carolina because the offense for which he was convicted in Michigan is not a "reportable conviction," or even a crime, in North Carolina; was not a "reportable conviction" in Michigan in 1993; and has not been a "reportable conviction" in Michigan since 1 July, 2011. In addition, petitioner presented evidence that he met all requirements under N.C. Gen. Stat. § 14-208.12A for termination of registration other than ten years of registration in North Carolina. *See* N.C. Gen. Stat. § 14-208.12A(a1).[1] The State presented no evidence and made no argument. After considering the documents and petitioner's argument, the trial court announced that it was granting the petition on the basis that petitioner was never required to register in North Carolina, rather than on the passage of time. Again, the State registered no objection to the trial court's decision. At the close of the hearing, the trial court executed an order on the preprinted form entitled Petition and Order for Termination of Sex Offender Registration, AOC-CR-263, Rev. 12/11,[2] granting the petition, but also directed petitioner's attorney to prepare a more detailed order including the court's rationale as stated in the rendition of the order in open court for allowing termination of petitioner's registration. The trial court entered its full written order on 19 June 2012. The State filed written notice of appeal from the 19 June order on 19 July 2012.

## II. Appellate Jurisdiction

At oral argument, petitioner contended that we should dismiss the State's appeal because in its 19 July 2012 notice of appeal it only appealed from the full order entered 19 June 2012 and not from the form order entered 7 June 2012. It is clear from the trial court's rendition of its ruling at the hearing that the court would enter the form order but that it would also enter another order that more fully and accurately stated its findings and conclusions. The trial court did so on 19 July 2012. Effectively, this order amended the trial court's prior order. Because the State timely appealed from the amended order, we have jurisdiction to hear this appeal. *Cohen v. McLawhorn*, 208 N.C. App. 492, 497, 704

---

1. Petitioner submitted evidence that he had committed no more sexual offenses in the intervening years and that those around him did not consider him a threat to public safety. Additionally, if he was 17 and the person with whom he engaged in consensual intercourse was over the age of 13, as petitioner asserted and the State did not contest at the hearing, his offense would not be considered a sexual offense for purposes of the federal sex offender registration law and therefore not subject to the federal registration requirements. *See* 42 U.S.C. § 16911(5)(c) (2006).

2. Form AOC-CR-263, Rev. 12/11 includes both the petition which is filed by the petitioner and the order for execution by the court on the same form.

S.E.2d 519, 523-24 (2010) (holding that the appeal was properly before the court where the appellant appealed from an order amending a prior order without appealing from the prior order).

### III. Preservation

The State argues on appeal that we should vacate the lower court's order granting petitioner's petition to terminate his sex offender registration requirement because it is uncontested that petitioner has not been registered in North Carolina for ten years and is, therefore, ineligible for relief under N.C. Gen. Stat. § 14-208.12A. The State also contends that the trial court erred in concluding that petitioner's conviction for sexual conduct in the third degree is not a reportable conviction under N.C. Gen. Stat. § 14-208.6(4) (2011). We dismiss the State's appeal because it failed to preserve these arguments by presenting them to the trial court.

Rule 10(a)(1) of the Rules of Appellate Procedure states, "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P 10(a)(1). The district attorney present at the hearing here did not object or make any argument about the petition, let alone specifically argue that petitioner did not qualify for relief due to the statutory time requirement or that his conviction was a reportable conviction. Nevertheless, the State contends that these issues are preserved for our review because the trial court granted relief not authorized under the statute.

Although it is clear from the transcript that the trial court recognized that petitioner did not fit into the statutory grounds for relief under N.C. Gen. Stat. § 14-208.12A, as he had not been registered in North Carolina for ten years or more,[3] the trial court's order granted no more relief than is authorized under that statute – termination of petitioner's sex offender registration requirement. If the superior court grants a petition to terminate the registration requirement, the clerk of superior court "forward[s] a certified copy of the order to the Division [of Criminal Information of the Department of Justice] to have the person's name removed from the registry." N.C. Gen. Stat. § 14-208.12A(a3). The order here merely terminated petitioner's registration requirement and ordered

---

3. A person "required to register" may petition under N.C. Gen. Stat. § 14-208.12A(a) to have his thirty year registration requirement terminated ten years after the date of his initial registration. The ten year period does not begin until the offender registers in North Carolina; any time registered in another state does not count toward the ten years. *In re Borden*, ___ N.C. App. ___, ___, 718 S.E.2d 683, 686 (2011).

**IN RE BUNCH**

[227 N.C. App. 258 (2013)]

the clerk to forward a copy of the order to the Criminal Information and Identification Section of the State Bureau of Investigation, the section of the Department of Justice responsible for maintaining the registry, as it was empowered to do under the statute. Thus, we are unconvinced by the State's argument that the trial court exceeded its authority.

The State is correct that N.C. Gen. Stat. § 14-208.12A, by its plain terms, does not apply to someone who claims that he was never required to register in the first place, and so the State contends that petitioner should have filed suit against the Attorney General in his official capacity for a declaratory judgment that he was not required to register in North Carolina, as some others have done, *see, e.g., Walters v. Cooper*, ___ N.C. App. ___, ___, 739 S.E.2d 185, 186 (2013). Although we agree a declaratory judgment action is a more appropriate way of obtaining a ruling upon the registration requirement in these circumstances, it is not the exclusive method.[4] But we would caution that those who seek to terminate registration as a sex offender under N.C. Gen. Stat. § 14-208.12A, for any reason other than fulfillment of the ten years of registration and other requirements of N.C. Gen. Stat. § 14-208.12A in the future will probably not succeed if the State does raise any objection or argument in opposition to the request. In the cases presented to this Court thus far, the State has either consented, as in *Hutchinson*, or stood silent.

Moreover, the alleged error below is not automatically preserved as a jurisdictional issue. The statute makes clear that a "person required to register" must have been registered for 10 years to be eligible for early termination of the registration requirement. *See* N.C. Gen. Stat. § 14-208.12A(a) ("[t]en years from the date of initial county registration, a person required to register under this Part may petition the superior court to terminate the 30-year registration requirement . . . ."). This Court has interpreted that provision to require 10 years of registration in North Carolina such that the amount of time a petitioner has been registered in another state is irrelevant. *In re Borden*, ___ N.C. App. at ___, 718 S.E.2d at 686. Nevertheless, this Court has held that the fact that a petitioner has not actually been registered in North Carolina for ten years does not deprive the trial court of subject matter jurisdiction to rule upon the petition. *In re Hutchinson*, ___ N.C. App. ___, ___, 723 S.E.2d 131, 133, *disc. rev. denied*, ___ N.C. ___, 724 S.E.2d 910 (2012).

---

4. For instance, if a person is charged with failure to register, he may raise the argument that he was never required to register as a defense. *See, e.g., State v. Stanley*, 205 N.C. App. 707, 697 S.E.2d 389 (2010).

**IN RE BUNCH**

[227 N.C. App. 258 (2013)]

The State argues that *Hutchinson* is distinguishable. We disagree. We are bound by *Hutchinson* and apply it here. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

In *Hutchinson*, the petitioner had not been registered in North Carolina for ten years at the time he petitioned to terminate his sex offender registration requirement. *In re Hutchinson*, ___ N.C. App. at ___, 723 S.E.2d at 133. The petition in *Hutchinson* made clear on its face that the petitioner had not been registered for ten years or more.[5] We held that the mere fact that the petitioner had not been on the registry for ten years did not deprive the trial court of subject matter jurisdiction. *Id.* We further held that because the district attorney did not raise any objection at the hearing or specifically object that the petitioner had not been registered for ten years, the State had not preserved that argument for appeal. *Id.* Indeed, the district attorney in that case consented to the termination of the petitioner's registration requirement. *Id.*

Here, when asked by the trial court whether he had anything to add, the district attorney simply responded, "No, sir." The State did not argue before the trial court that petitioner was ineligible for the relief sought either because he had not been registered for ten years or for any other reason. We fail to see a material distinction between *Hutchinson* and the present case. If the trial court was not deprived of jurisdiction by the petitioner's failure to meet the statutory ten year requirement in *Hutchinson*, it also was not so deprived here. Moreover, the relief granted was not beyond that authorized by the statute – the trial court merely terminated petitioner's sex offender registration requirement. The State's argument that the trial court erroneously determined that petitioner was eligible for relief under N.C. Gen. Stat. § 14-208.12A was not automatically preserved. Therefore, as in *Hutchinson*, we hold that the State has failed to preserve the argument that petitioner was not eligible for termination under N.C. Gen. Stat. § 14-208.12A. *Id.*; N.C.R. App. P. 10(a)(1). Accordingly, we dismiss the State's appeal. *In re Hutchinson*, ___ N.C. App. at ___, 723 S.E.2d at 133 (dismissing the State's appeal because it failed to preserve its arguments for appeal).

DISMISSED.

Judges ELMORE and STEELMAN concur.

---

5. Although it was not mentioned in the opinion, we take judicial notice of the *Hutchinson* petition to terminate sex offender registration, which was part of the record on appeal in that case. *See Four Seasons Homeowners Ass'n, Inc. v. Sellers*, 72 N.C. App. 189, 190, 323 S.E.2d 735, 737 (1984) ("[O]ur appellate courts may take judicial notice of their own records . . . .").