NO. COA13-504

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014

MARCUS ROBINSON, JAMES EDWARD
THOMAS, ARCHIE LEE BILLINGS, and
JAMES A. CAMPBELL,

    Plaintiffs,

    v.

KIERAN A. SHANAHAN, Secretary of
the North Carolina Department of
Public Safety, KENNETH E.
LASSITER, Warden of Central
Prison,[1]

    Defendants.

Wake County
Nos. 07 CVS 1109, 1607, 1411

Appeal by plaintiffs from order entered 12 March 2012 by Senior Resident Superior Court Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 21 January 2014.

    *Poyner Spruill LLP, by Robert F. Orr, and Copeley Johnson & Groninger PLLC, by David Weiss, for plaintiffs-appellants.*

    *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli and Assistant Attorney General Jodi Harrison, for defendants-appellees.*

    HUNTER, Robert C., Judge.

---

[1] Frank L. Perry and Carlton Joyner have since replaced Kieran A. Shanahan and Kenneth Lassiter in their respective offices. For consistency, we retain the caption as it appeared in the parties' original briefs.

Marcus Robinson, James Edward Thomas, Archie Lee Billings, and James A. Campbell (collectively "plaintiffs") appeal from an order granting summary judgment in favor of defendants on plaintiffs' challenge to North Carolina's previously used three-drug protocol for the administration of lethal injections ("the 2007 Protocol"). During the pendency of this appeal, the 2007 Protocol was replaced by the "Execution Procedure Manual for Single Drug Protocol (Pentobarbital)" ("the new Manual") after a statutory amendment vested the Secretary of the North Carolina Department of Public Safety ("DPS") with the authority to determine execution procedures in North Carolina. As a result, plaintiffs' only remaining contention on appeal is that the new Manual must be promulgated through rule-making under the Administrative Procedure Act ("the APA").

After careful review, we remand so that the trial court may properly determine this issue in the first instance.

**Background**

Plaintiffs are death-sentenced inmates who filed individual complaints in 2007, later consolidated, seeking declaratory judgments, temporary restraining orders, and injunctive relief on the grounds that, *inter alia*, (1) the 2007 Protocol violated

the Eighth Amendment of the United States Constitution and Article 1, section 27 of the North Carolina Constitution proscribing cruel and/or unusual punishment; and (2) the 2007 Protocol violated the APA because it was not promulgated through the administrative rule-making process. After effectively staying the proceedings pending resolution of other litigation involving the 2007 Protocol, the trial court recommenced the case in May 2009. Following discovery, the parties filed cross motions for summary judgment, which were heard by the trial court on 12 December 2011. By order entered 12 March 2012, the trial court granted summary judgment for defendants. With regard to plaintiffs' claim that the 2007 Protocol was implemented in violation of the APA, the trial court concluded:

> 12. Plaintiffs' claim that the execution protocol is invalid until Defendants issue it in accordance with the rule-making provisions of Chapter 150B of the North Carolina General Statutes is also without foundation. N.C.G.S. § 150B-1(d)(6) provides that the Division of Adult Correction of the Department of Public Safety - the Department into which the previously-existing North Carolina Department of Correction was recently consolidated - is exempt from rule making "with respect to matters relating solely to persons in its custody or under its supervision, including prisoners, probationers, and parolees." Because it provides the method for and procedures by which condemned prisoners such as Plaintiffs are to be executed pursuant to Chapter 15 of

> the General Statutes, the Protocol relates solely to prisoners and, so, is exempt from the rule making provisions of Chapter 150B.

Plaintiffs filed timely notice of appeal from this order.

During the pendency of the appeal, the General Assembly amended the law relevant to plaintiffs' APA rule-making claim. Effective 19 June 2013, N.C. Gen. Stat. § 15-188 confers authority on the Secretary of DPS to determine North Carolina's lethal injection procedure. *See* 2013 Sess. Laws 154, § 3.(a). Pursuant to this grant of authority, Secretary of DPS Frank L. Perry issued the new Manual on 24 October 2013, eliminating the three-drug method of lethal injection challenged by plaintiffs at the trial level and instituting a new, single-drug procedure.

As a result, this Court allowed a Joint Motion for Removal from the 6 November 2013 Argument Calendar and permitted the parties to file supplemental briefs outlining the effect of these changes on plaintiffs' appeal. Subsequently, this Court dismissed as moot plaintiffs' arguments that the 2007 Protocol constituted cruel and/or unusual punishment and allowed oral argument on one issue – whether the new Manual must be promulgated through APA rule-making.

## Discussion

### I. APA Rule-making

The sole issue remaining on appeal is whether the new Manual must be issued in accordance with APA rule-making procedures. Because this matter has not been presented to the trial court for a determination, we remand.

Rule 10 of the North Carolina Rules of Appellate Procedure provides that:

> In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.

N.C. R. App. P. 10(a)(1) (2013). Our appellate courts have consistently declined to consider issues that were not presented at the trial level. "It is a well-established rule in our appellate courts that a contention not raised and argued in the trial court may not be raised and argued for the first time on appeal." *In re Hutchinson*, __ N.C. App. __, __, 723 S.E.2d 131, 133 (2012); *see also Henderson v. LeBauer*, 101 N.C. App. 255, 264, 399 S.E.2d 142, 147 (1991) (refusing to pass on theories of liability for the first time on appeal).

Here, plaintiffs argue two theories as to why the new Manual must be promulgated through APA rule-making: (1) section

15-188 as revised confers authority to issue the new Manual on the Secretary of DPS, and because the General Assembly declined to give DPS an APA exception, the new Manual must undergo rule-making in its entirety; and (2) even if the rule-making exception for the Department of Adult Correction ("DAC") within DPS set out in N.C. Gen. Stat. § 150B-1(d)(6) relating solely to "persons in its custody or under its supervision" is applicable, parts of the new Manual go beyond its parameters and must be promulgated through rule-making.

Although they initially requested that this Court invalidate the new Manual until it undergoes rule-making, plaintiffs acknowledged at oral argument that the new Manual has not been evaluated at the trial level, and thus conceded that remand is proper. We agree. The order from which plaintiffs appealed contains no findings of fact or conclusions of law relating to the sole issue before us. Nor could it. These arguments could not have been considered by the trial court when it entered the 12 March 2012 order because they stem entirely from subsequent changes to section 15-188 and the execution protocol made during pendency of this appeal. Thus, in effect, we have nothing to review. Absent a ruling from the trial court on these matters, we are without authority to consider them in

the first instance on appeal. *See Henderson*, 101 N.C. App. at 264, 399 S.E.2d at 147. Accordingly, we believe it is appropriate to remand this matter to the trial court for further proceedings.

In their supplemental brief, defendants first requested that this Court affirm the trial court's conclusion that the 2007 Protocol need not undergo rule-making, or in the alternative, remand so that the trial court may consider arguments on the new Manual. Because the 2007 Protocol was replaced by the new Manual and is no longer the applicable process by which lethal injections are carried out, we decline to address the trial court's conclusion that it need not undergo APA rule-making.

At oral argument, counsel for defendants further asked this Court to enter an affirmative ruling that the APA exception in section 150B-1(d)(6) "with respect to matters relating solely to persons in [DAC] custody or under its supervision" will always apply to execution procedures, including the single-drug method set out in the new Manual, based on the North Carolina Supreme Court's holding in *Connor v. N.C. Council of State*, 365 N.C. 242, 716 S.E.2d 836 (2011). In *Connor*, the Supreme Court addressed whether the APA applied to the Council of State's

approval of the 2007 Protocol. *Id.* at 250, 716 S.E.2d at 841. According to the Court, neither party disputed that the APA exception in section 150B-1(d)(6) applied to the 2007 Protocol. *Id.* at 253, 716 S.E.2d at 843. Ultimately it held that "the process by which the Council approves or disapproves the DOC's lethal injection protocol is not subject to the APA[.]" *Id.* at 257, 716 S.E.2d at 846. Regardless of whether the Supreme Court's analysis of the 2007 Protocol is dicta, a conclusion as to which plaintiffs and defendants are in disagreement, we are without authority to determine the effect that the *Connor* holding may have on the new Manual before the trial court has had the opportunity to do so. *See In re Hutchinson*, __ N.C. App. at __, 723 S.E.2d at 133.

## Conclusion

Because this Court may not pass on legal issues for the first time on appeal, we remand to the trial court so that it may properly determine this matter and develop an adequate record for any subsequent appellate review.

REMANDED.

Judges MCGEE and ELMORE concur.