DIETZ, Judge.
Defendant Anthony Scott appeals from the trial court's equitable distribution order. As explained below, we vacate that order because it impermissibly classified Defendant's military disability benefits as marital property. Defendant also challenges a number of other aspects of the trial court's order, but on this record we cannot identify which of these issues were raised with the trial court and which were not. We therefore vacate the trial court's order and remand. Defendant is free to assert the additional arguments in the trial court on remand.
Facts and Procedural History
Plaintiff Julia Scott and Defendant Anthony Scott separated on 1 January 2013, and both spouses later asserted equitable distribution claims. Following a bench trial, the trial court entered a written equitable distribution order, classifying and distributing various property owned by the parties, including Defendant's military pension. Defendant timely appealed.
Analysis
I. Military Disability Payments as Marital Property
Defendant argues that the trial court improperly classified his military disability payments as marital property in its calculations, rather than considering them as a factor in the distributional award. We agree.
Federal military disability payments "cannot be classified as marital property subject to distribution under state equitable distribution laws." Bishop v. Bishop , 113 N.C. App. 725, 733, 440 S.E.2d 591, 597 (1994). "Instead, the disability payments must be classified as the retiree's separate property and, as such, treated as a distributional factor." Id. at 734, 440 S.E.2d at 597.
Here, the trial court found that "Defendant earns approximately $6,431.00 per month which includes his military retirement and disability pay ." (Emphasis added.) The trial court then concluded that "Plaintiff shall receive her marital portion (48.4%) of Defendant's military pension," lumping both the retirement pay and disability pay together. The order does not state that the court treated the disability pay as separate property; to the contrary, the court's order lumps the two different types of military pay together throughout the order and repeatedly refers to them collectively as Defendant's "military pension." The trial court's valuation of Defendant's military pension, included in the exhibit attached to the equitable distribution order, also is based on a combination of both the military retirement benefits and military disability benefits. We agree with Defendant that the order must be vacated and this case remanded for the trial court to enter a new order treating the military disability payments as separate property.
II. Defendant's Remaining Arguments
Defendant asserts a number of other arguments on appeal, but we decline to address them. It is unclear from the record whether Defendant raised the bulk of these arguments in the trial court, either by objecting to the challenged evidence or by alerting the trial court to the alleged legal errors in Plaintiff's requested classification or distribution of particular assets. Ordinarily, this might result in waiver because "a contention not raised and argued in the trial court may not be raised and argued for the first time in the appellate court." Wood v. Weldon , 160 N.C. App. 697, 699, 586 S.E.2d 801, 803 (2003). But Plaintiff did not appear in this Court or file an appellee brief, and thus no party has challenged whether Defendant preserved each of these issues below. "It is not our role to advocate for a party that has failed to file a brief...." Hill v. Hill , 229 N.C. App. 511, 514, 748 S.E.2d 352, 356 (2013). Thus, because we vacate the trial court's order based on the improper consideration of Defendant's military disability benefits, we decline to address Defendant's remaining arguments and whether they are preserved. Defendant may assert those arguments to the trial court on remand, providing that court with the opportunity to address them in the first instance.
Conclusion
We vacate the trial court's equitable distribution order and remand for further proceedings consistent with this opinion.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges ELMORE and DAVIS concur.