An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-614

Filed 18 March 2026

Mecklenburg County, No. 20CVD006366-590

WAYNE NEWELL, Plaintiff,

v.

ANN CECELIA NEWELL, Defendant.

Appeal by plaintiff from amended order entered 18 September 2024 by Judge Roy H. Wiggins in Mecklenburg County District Court. Heard in the Court of Appeals 10 February 2026.

> *Epperson Law Group, PLLC, by Lauren E. R. Watkins, Bailey M. Wiseman, and James L. Epperson, for plaintiff-appellant.*

> *Ann Cecelia Newell, pro se defendant-appellee. No brief filed.*

GORE, Judge.

Plaintiff Wayne Newell ("husband") appeals the amended order entered by the trial court after initial appeal and remand by this Court.[1] Husband argues the trial court erred in its assignment of the values and dates for paying alimony and arrearages to defendant. He also argues the trial court erred by failing to give credit

---

[1] *See Newell v. Newell*, COA23-669, 2024 WL 1629506 (2024) (unpublished).

for the payments made between separation and the post-separation order. Husband appeals of right pursuant to N.C.G.S. § 7A-27(b)(2). We remand in part and discern no abuse of discretion in part.

**I.**

Husband and defendant Ann Cecelia Newell ("wife") were married in August 1993 and separated for the final time on 26 May 2015. Wife continued to care for and raise their youngest child of three until he reached the age of majority in December 2019 and graduated high school in May 2020. According to the record, husband provided money to the wife during the time she raised their minor child, approximately fifty-four months. Husband filed a complaint for divorce in April 2020. A Postseparation Support Order was entered in July 2022 awarding support payments to wife in the amount of $1,029.00 per month.

The alimony hearing occurred on 11 January 2023, and the trial court awarded the wife with ten years of alimony payments from husband beginning from the date of separation in May 2015 at a rate of $1,500.00 per month. The trial court also credited husband with a total of $75,232.00 in arrearage credit based upon a finding that husband provided $67,000.00 in payments to wife while she raised their youngest child, and a finding husband had paid $8,232.00 for postseparation support up to the point of trial. Husband was required to pay $500.00 per month for the arrearages and an additional one-time lump sum of $10,000.00. The trial court also

found husband must pay wife's attorney's fees in the amount of $150.00 per month until the set amount was paid in full.

Wife appealed the trial court's order, and we previously determined the trial court abused its discretion by deducting $67,000.00 in arrearage credits from husband's alimony arrearages.[2] We reasoned the trial court failed to keep child support and alimony separate, and the amount figured was arbitrary based upon the trial court's finding.[3] We remanded for the trial court to adjust the alimony arrearage, by adding $67,000.00 to account for the improper deduction, and specified the modification could be made without further hearings or additional evidence.[4]

The trial court entered an amended order on 18 September 2024. Within the order, the trial court removed the finding concerning the money paid to the wife for fifty-four months, and adjusted the alimony arrearages obligation to $129, 768.00. Husband timely appealed the amended order.

**II.**

Our standard of review for a bench trial decision is "whether competent evidence supports the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Collins v. Collins*, 243 N.C. App. 696, 699 (2015) (cleaned up). When competent evidence supports the findings of fact, the findings

---

[2] *Newell*, COA23-669, 2024 WL 1629506 at *4.
[3] *Id.*
[4] *Newell*, COA23-669, 2024 WL 1629506 at *5.

"are conclusive on appeal, even if there is contrary evidence." *Id.* "The trial court's determination of the amount of alimony is reviewed for an abuse of discretion." *Id.* at 700. The trial court abuses its discretion when the "decision is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Frost v. Mazda Motor of Am., Inc.*, 353 N.C. 188, 199 (2000) (cleaned up).

**A.**

Plaintiff argues the trial court erred in its assignment of values and dates for alimony and arrearages. "The overriding principle in cases determining the correctness of alimony is fairness to all parties." *Barham v. Barham*, 127 N.C. App. 20, 27 (1997), *aff'd,* 347 N.C. 570 (1998) (cleaned up). Plaintiff specifically argues the amended order states payments should begin 1 February 2023 and 15 February 2023 when the order was entered 17 September 2024. The previous order stated the same February dates and was entered 22 March 2023. According to plaintiff, he would be in contempt of court from the time the order was originally entered by not having paid the $10,000.00 lump sum by 15 February 2023. Additionally, plaintiff argues the alimony arrearages currently set at a $500.00 per month rate would take until he was approximately eighty years old to fully pay. Plaintiff argues that with his current health condition it is unlikely he will live long enough to pay off the arrearages. Plaintiff seeks remand and an evidentiary hearing to recalculate arrearages.

The trial court determines the amount and duration for alimony awards to a dependent spouse based upon the evidence offered for the sixteen statutory factors. N.C.G.S. § 50-16.3A(b)(1)–(16) (2023). The trial court must make findings of facts and conclusions of law to support the alimony award and to explain the reasoning for the amount, duration, and manner of payment. N.C.G.S. § 50-16.3A(c) (2023). The trial court may award alimony arrearages back to the date of separation. *Smallwood v. Smallwood*, 227 N.C. App. 319, 333 (2013).

"Appeal from an order requiring [the supporting spouse] to pay alimony and counsel fees d[oes] not automatically stay execution on the judgment, and the trial court ha[s] the authority to . . . require [the supporting spouse] to execute a written undertaking in order to stay execution." *Simms v. Bolger*, 264 N.C. App. 456, 459–60 (2019). Thus, when an alimony order is entered, execution of that order is generally required despite appeal and may be enforced through civil contempt. *See* N.C.G.S. § 50-16.7(j) (2023). Further, although modification may be sought for a substantial change in circumstances, the moving party may not file a motion simply to avoid payment until a motion is determined. *See generally*, *Hill v. Hill*, 261 N.C. App. 600, 625–26 (2018).

Despite plaintiff's argument that the date in finding 33 is nonsensical, upon review the trial court included findings it would provide retroactive alimony to the date of separation. Additionally, the court included a finding that the parties separated on 26 May 2015 for the final time, and this supports the retroactive date

of 1 May 2015 given the award requires monthly payments. Further, the trial court included findings to support the values assigned for arrearages based upon plaintiff's surplus each month compared to defendant's negative balance. The trial court's finding that the parties had been separated seven years at the time of the order is supported by the amount in arrears calculated to the date of 12 December 2022 at a monthly rate of $1,500.00 per month since the date of separation. Accordingly, we discern no abuse of discretion by the trial court as it relates to these dates and values.

The trial court abused its discretion by including a start date that began prior to the date the order was entered for monthly arrears, for the lump sum payment of $10,000 towards the total arrearages, and for the date to begin payment for defendant's attorney's fees. The trial court ordered plaintiff to begin payments for arrearages on 1 February 2023, to make a lump sum payment by 15 February 2023, and to make a monthly payment for defendant's attorney's fees starting 1 February 2023. The original order was entered 23 March 2023, and as plaintiff argues, this would put plaintiff in violation of the order from the date it was entered. Although more likely a clerical error at the time, a date change on remand would have a substantive impact because of the potential for civil contempt if the party had failed to make payments as required in the order. *See Gordon v. Gordon*, 119 N.C. App. 316, 318 (1995) (discussing how a change to an order is substantive rather than clerical when it "alters the effect of the original order"). Therefore, this issue must be

remanded for the trial court to correct the date retroactively to reflect the dates the trial court intended when the alimony order was entered.

Plaintiff also seeks a remand for a new evidentiary hearing to change the values and dates due to the longevity of payments at the current rate set out in the amended order. However, plaintiff does not direct us to any case law that would support a remand to change the values and dates of the order because of the longevity of the payments. Nor have we found any case law to support this request. Alimony orders are enforced from the date entered and are not stayed apart from obtaining an undertaking. § 50-16.7(j). Thus, the amended order has been in effect and payments have been ongoing despite plaintiff's multiple appeals.

What plaintiff seeks is a modification of the order, but plaintiff did not move for a modification at the trial level. "An alimony order may be modified or vacated at any time, upon motion in the cause and showing of changed circumstances by either party or anyone interested." *Hill*, 261 N.C. App. at 618. Our legislature has provided for parties involved in alimony orders to seek modification "at any time" but they must follow the statutory process for modification. N.C.G.S. § 50-16.9(a) (2023). We will not consider a modification on appeal when plaintiff has not yet sought modification at the trial level. *See Robinson v. Shanahan*, 233 N.C. App. 34, 36 (2014) ("It is a well-established rule in our appellate courts that a contention not raised and argued in the trial court may not be raised and argued for the first time on appeal.")

**B.**

Next, plaintiff argues the trial court erred by not crediting him for the money paid to defendant between the date of separation and the post separation support order in the amended order. We disagree.

According to plaintiff, the prior order accounted for fifty-four months of payments to defendant but there was not sufficient evidence in the record to support whether it was for child support or alimony. According to the record, the fifty-four months accounted for the payments made approximately between the date of separation and when defendant was still raising the parties' minor child. Plaintiff also acknowledges apart from testimony by both husband and wife that some money was given, there was no set amount determined nor was it established what the money was for.

Plaintiff makes arguments based upon a finding that was in the previous order but was removed from the amended order. Our review is limited to the amended order. *See* N.C.R. App. P. 3 (d). Plaintiff does not argue the trial court's findings were unsupported by competent evidence when establishing the amount of alimony arrearages. The trial court included findings of the amount of alimony arrearages owed from the date of separation until December 2022. It applied a credit for the Postseparation Support Order payments made for a total of eight months and deducted this amount from the arrearage obligation. These findings are supported by competent evidence and conclusive on appeal.

Additionally, when there is no evidence in the record to support the arrearage credit due to the parties' failure to establish it at trial, the trial court demonstrates its discretion by not including a finding based upon insufficient evidence. *But cf. W. Auto Supply Co. v. Vick*, 47 N.C. App. 701, 707 (1980) ("If there is no evidence in the record to support findings . . . they must be set aside."). Therefore, the trial court did not abuse its discretion by declining to credit plaintiff for alimony arrearages that were unestablished by the evidence.

## III.

For the foregoing reasons, we remand in part for the trial court to correct the dates to reflect when payments should have started after the order was entered in March 2023. We discern no abuse of discretion as it pertains to the alimony arrearages.

REMANDED IN PART, AFFIRMED IN PART.

Judges ARROWOOD and CARPENTER concur.

Report per Rule 30(e).